# HARRISON *vs.* THE STATE.

[INDICTMENT FOR DISTURBANCE OF PUBLIC WORSHIP.[

1. *What constitutes offense.*—To constitute the statutory offense of disturbing religious worship, (Code, § 3257,) the act must be willfully or intentionally done; it is not sufficient that it was done recklessly or carelessly.
2. *Evidence of character.*—Under an indictment for disturbing religious worship, the defendant has a right to adduce evidence of his good character; but, until he has done so, the prosecution cannot prove his bad character as a disturber of public worship.
3. *Evidence of other acts of disturbance.*—Evidence of the fact that similar acts of disturbance had been perpetrated by other persons in the same church, without objection or notice on the part of the members of the congregation, is irrelevant and inadmissible.

FROM the Circuit Court of Lowndes.
Tried before the Hon. JOHN K. HENRY.

THE indictment in this case alleged, that the defendant "willfully interrupted or disturbed an assemblage of people met for religious worship, by noise, profane discourse, rude and indecent behaviour, or by fighting, at or near the place of worship." On the trial, as appears from the bill of exceptions, the State proved the fact, that the congrega-

ttion of a church in Lowndes county, which had assembled for religious worship, on a particular Sunday night, within the time covered by the indictment, had been disturbed by the loud and repeated slamming of the door by some person who was outside; and adduced some evidence tending to show that the defendant was the person who made the noise. "The State then put up one Davids as a witness, who testified, that he was not at the church on the night in question. The defendant's counsel asked said witness, without objection, if he had not often seen the defendant in said church, and if, on those occasions, the defendant had not conducted himself in an orderly and quiet manner; and the witness answered in the affirmative. The State then offered to prove by said witness, what the defendant's general character was in that respect. The defendant objected to this question; the court overruled the objection, and permitted the witness to be examined in this respect; and the defendant excepted. The witness answered, that he did not know the defendant's general character.

"The defendant proposed to prove by two of his witnesses, that they had often opened the door of said church, looked in, and then shut the door, without any objection being made by any body;" also, "that it had been customary for many years, for persons to go to the door of said church during religious services, open it and look in, without going in, and then shut it; and that the members of the congregation of said church made no objection to this conduct on the part of the witnesses." The court excluded this evidence, and the defendant excepted.

The defendant also reserved an exception to the charge of the court, which is copied in the opinion, and, therefore, does not need to be here repeated.

BAINE & NESMITH, for the defendant.

M. A. BALDWIN, Attorney-General, *contra.*

STONE, J.—The defendant was indicted under section

3257 of the Code, which declares, that "any person, who willfully interrupts or disturbs any assemblage of people met for religious worship, by noise, profane discourse," &c., is guilty of a misdemeanor. The court charged the jury, "that, if the defendant disturbed the congregation, when met for, or engaged in religious worship, either willfully or recklessly," then the case would be within the provisions of the statue.

The word *willful*, when employed in penal enactments, has not always the same meaning. In this statute, it is used as the synonym of *intentional*, or *designed—pursuant to intention* or *design; without lawful excuse.*—1 Bish. Cr. Law, § 262; *State v. Abram*, 10 Ala. 928; also, *McManus v. The State*, 36 Ala. 285. The word *reckless* means "heedless, careless, rash, indifferent to consequences." Now, one may be heedless, rash, or indifferent to results, without contemplating or *intending* those consequences. As a general rule, there is a wide difference between intentional acts, and those results which are the consequence of carelessness.

While the question of *the intention* with which the act of disturbance was done, was one of inference or presumption from all the circumstances, to be drawn by the jury, we do not think the statute was violated, if the disturbance was the consequence of an act which was simply reckless, or careless. To be guilty, the defendant must have gone further, and intentionally created the noise. If he intentionally did an act, or employed language, so near to the place where he knew a worshipping assembly was congregated, as that he must have known that such worshipping assembly would be disturbed by such act or language, then such act would be, in the eyes of the law, a willful disturbance, unless some lawful excuse existed therefor. A worshipper in a church, discovering a building on fire, would doubtless be justified in giving the alarm, although in doing so he might disturb the assembly. Whether the noise disturbed the assembly, and, if so, whether the conduct of the defendant was such as to show that he in-

tended to make that noise, were questions for the jury, under appropriate instructions from the court.—See *Ogletree v. The State*, 28 Ala. 693.

[2.] The defendant had the right to put in evidence his good character; but, until he did so, the prosecution was not authorized to prove his bad character as a disturber of religious assemblies.—3 Greenl. Ev. § 25.

[3.] Evidence that similar acts of disturbance had been perpetrated by others in that church, and had not been noticed, was irrelevant.

Reversed and remanded.