## KINNEY *vs.* THE STATE.

[INDICTMENT FOR DISTURBANCE OF RELIGIOUS WORSHIP.]

1. *What constitutes offense.*—To constitute an interruption or disturbance of "an assemblage of people met for religious worship," (Code, § 3257,) it is not necessary that the interruption or disturbance should be made during the progress of the religious services: if made after the conclusion·of the services and the dismissal of the congregation, but while a portion of the people still remain in the house, and before a reasonable time has elapsed for their dispersion, the offense is complete.

.FROM the Circuit Court of Winston.
Tried before the Hon. WM. S. MUDD.

THE indictment in this case charged, that the prisoner "willfully interrupted or disturbed an assemblage of people met for religious worship, by noise, profane discourse, or rude or indecent behavior, at or near the place of worship." "On the trial," as the bill of exceptions states, "the prosecution adduced testimony tending to show that, within twelve months before the finding of the indictment, and in said county of Winston, the defendant willfully interrupted and disturbed an assemblage of people met for religious worship, by using profane language, cursing and swearing, and by loud noise and rude behavior, at or near the place of worship. The defendant proved, that, at the time of said interruption and disturbance as aforesaid, the religious services had been concluded, the preacher had dismissed the congregation, and the people were about to disperse; a small portion of them having gone into the yard, while the remainder were still in the house where the religious services were held. On this evidence, the defendant asked the court to instruct the jury, that, if they believed the evidence, they must find the defendant not guilty; which charge the court refused to give, and the defendant excepted to its refusal."

E. W. PARKER, for the prisoner.

M. A. BALDWIN, Attorney-General, contra.

R. W. WALKER, J.—Section 3257 of the Code enacts, that "any person, who willfully interrupts or disturbs any assemblage of people met for religious worship, by noise, profane discourse, rude or indecent behavior, or by any other act at or near the place of worship, must, on conviction, be fined not less than twenty, or more than two hundred dollars, and may be imprisoned not more than six months."

In Tennessee, the statute on this subject provided, that "if any person shall interrupt a congregation assembled for the purpose of worshipping the Deity, such person shall be dealt with as a rioter at common law." On the

trial of an indictment founded on the act just cited, it was proved that, after the services were over, and the congregation had been dismissed, and begun to leave, some being still in the church, some in the church-yard, and others left for-home, the defendants, with others, excited and disturbed the congregation, by cursing, swearing, fighting, &c., there then being present a good many ladies and gentlemen. Upon these facts, the defendants asked the court to charge, that if the worship had closed, and the congregation had been dismissed, and had begun to disperse, part having left the ground at the time the disturbance occurred, then the defendants could not be convicted. This the court refused, but charged the jury, that if the worship had ceased, and the congregation had been dismissed, then, unless a reasonable time had elapsed for the dispersion of the congregation after such dismission, the defendants would be guilty, if they did acts calculated to disturb those on the ground. On appeal to the supreme court, it was decided, that there was no error in the rulings of the circuit judge; the court holding, that the act not only protects from disturbance a congregation while actually engaged in worship, but extends its protection also to all congregations which had assembled for the purpose of worshipping; and that this protection continues, from the time the congregation so assembles, until it disperses and ceases to be a congregation.—*Williams v. The State*, 3 Sneed, 313.

This decision, which we readily adopt as a correct construction of our own statute, is precisely in point in the present case, and shows that the court did not err in refusing the charge asked by the defendant.

The language of the Virginia act on the same subject is: "If any person shall, on purpose, maliciously, or contemptuously, disquiet or disturb any congregation assembled in any church, meeting-house, or other place of religious worship," &c. And it has been held in that State, that the statute is applicable, not only to disturbances made while the religious services are progressing, but also to disturbances made while the congregation is assembled for

worship, though it be at night, on a Methodist camp-ground, after the services are over for the day, and the worshippers are retired to rest.—*Commonwealth v. Jones*, 3 Grattan, 264.

Judgment affirmed.

STONE, J., not sitting.