# Lancaster v. The State.

*Indictment for disturbing Religious Worship.*

1. *Disturbing religious worship; what constitutes offense of.*—To constitute the statutory offense of disturbing religious worship, the act or discourse charged must have been intentional, and its natural tendency must have been to disturb the assemblage—to derange its quiet and order.

2. *Same; how far statute protects assemblage met for.*—It is not necessary that the assemblage should have been actually engaged in worship at the moment of the discourse or of the conduct complained of. The statute applies to assemblages when in the act of gathering together, until there has been a dispersion of the persons met for worship, and they cease to be an assemblage or congregation.

3. *Same; when committed by member of assembly, speaking by permission.*—Leave to speak given a member of the assemblage and of the religious organization, by the conductor of the services, cannot justify or excuse a violent, passionate and insulting discourse deliberately made, and which by its violence offends the order and decorum essential to christian worship. Nor is it any excuse or justification that the defendant, while making such discourse, was not called to order.

APPEAL from Randolph Circuit Court.

Tried before Hon. JOHN HENDERSON.

Appellant was indicted and convicted, under section 3612 of the Revised Code, for disturbing religious worship. On the trial, it appeared that on a Sabbath morning, after a prayer meeting, and before the congregation had dispersed, defendant, a member, in good standing, of that church, having asked and obtained from the moderator, or preacher in charge, leave to speak, said : "I neither rise to preach, pray or sing, but I want to talk to the church. I have meditated, thought and prayed to know what I ought to do. I demand my letter. I cannot live in the church with liars, thieves, rogues and murderers."

This language created considerable excitement in the assemblage and among the members of the church, many of whom left the house; but no one called the defendant to order. Under the regulations of the church, defendant had a right to call a conference of the church at any time, to apply for a letter of withdrawal.

Defendant "had had a difficulty on the day previous with one of his brethren in the church."

The court charged the jury: "if defendant, with an evil intent, by rude or indecent behavior, or by loud noise, which

necessarily disturbed the congregation" [interfered with its quiet], and "the acts were wilful, then defendant would be guilty."

The defendant excepted to this charge, and requested the following charge in writing: "If the jury believe the defendant obtained permission of the moderator, or preacher in charge, to speak, and that the moderator, or preacher in charge, gave him permission to speak, and did not call him to order, and this was all the defendant did, he is not guilty." This charge the court refused, and defendant duly excepted.

The refusal to give the charge asked, and the charge given, are now assigned as error.

RICE, JONES & WILEY, for appellant, cited Revised Code, § 3612; *Brown* v. *State*, 46 Ala. 175; *Harrison* v. *State*, 37 Ala. 154.

JOHN W. A. SANFORD, Att'y. Gen., *contra*.

BRICKELL, C. J.—Though an exception was reserved to the charge given by the court, it has not been insisted that it is erroneous, and it certainly states the law of the offense, in the terms most favorable to the accused. The offense is very clearly defined in *Harrison* v. *State*, 37 Ala. 154.

The act or discourse relied on as the ingredient of the offense must have been intentional, and its natural tendency must have been to disturb the assemblage—to derange its quiet and order.

When such acts or discourse are intentionally indulged in, without just excuse, at or near to an assemblage for religious worship, the defendant must be regarded as guilty of the offense. Nor is it necessary that the assemblage should have been actually engaged in worship at the moment of the discourse, or of the conduct of which complaint is made. The statute intends its protection shall extend to the assemblage when it is in the act of gathering together at the place appointed for worship; while the exercises are in progress; and until there is a dispersion of the persons who have come together, and they cease to be an assemblage or congregation. *Kinney* v. *State*, 38 Ala. 224. A member of the assemblage, though he be a member of the particular religious organization having control of the services, is bound to regard its peace and order. No permission given him to speak, or given to a mere stranger, by the leader or con-

[Clarke v. Rowan.]

ductor of the services, whether he be lay or clerical, can justify or excuse such discourse as is unbecoming the assemblage, and must by its violence offend the order and decorum essential to christian worship. Nor is it material that one who has obtained permission to speak is not called to order, or interrupted while indulging in violent, passionate and ill-tempered discourse, insulting to the assemblage, or any of the individuals composing it. There was no error in refusing the charge requested by the appellant. If there can be any justification or excuse for such intemperate, violent, denunciatory and insulting language, as that deliberately spoken by him to a religious assemblage, it is not found in any fact stated in the charge requested, or in any fact shown by the bill of exceptions.

The judgment is affirmed.