# Johnson *v.* State.

### *Indictment for Arson.*

1. *Charge as to reasonable doubt.*—Under a prosecution for arson, being requested by the prisoner's counsel to define what was meant by a reasonable doubt, " the court stated to the jury, among other things, that if it appeared from the evidence that the house was wilfully set on fire, and that any person other than the defendant might have set it on fire, they might acquit; but, if satisfied from the evidence that no other person than the defendant could have set it on fire, it would be their duty to convict." *Held,* that the instruction was not erroneous.

2. *Explanatory charge* —An explanatory charge should be considered in connection with that which it is intended to explain; and if the two, when considered together, assert a correct proposition, though the explanatory charge, as a separate and disconnected proposition, does not express all the elements of the proposition, there is no reversible error.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

Frank Johnson was indicted for arson in the first degree and tried under said indictment, December 2, 1886, and found guilty. The testimony in the case is not material to an understanding of the point reserved for the decision of this court.

J. GINDRAT WINTER, for appellant.

T. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The court having instructed the jury that they must be satisfied from the evidence beyond all reasonable doubt of the defendant's guilt, was requested by counsel for the accused to define what was meant by a reasonable doubt. The bill of exceptions recites: "The court, in response to this request, stated to the jury, among other things," if it appeared from the evidence, that the house was wilfully set on fire, and that any person other than the defendant might have set it on fire, they might acquit, but if satisfied from the evidence, that no person

[Heard v. The State.]

other than defendant could have set it on fire, it would be their duty to convict. To this instruction exception was taken. We must presume, in the absence of a showing otherwise, that among other things stated, the court defined a reasonable doubt properly, and as clearly as practicable, and gave the instruction excepted to as illustrative of the practicable application of the rule. The doubt, which requires an acquittal, is a substantive, not a speculative or possible doubt; a doubt arising in the minds of the jury based on reason and common sense, when applied in the examination and consideration of the entire evidence; when the testimony is insufficient to produce an abiding conviction of the truth of the accusation. The line between *might* and *could*, as employed in the charge, and the possible innocence of the defendant is scarcely discernible. From motive and opportunity, in connection with the other evidence, the jury may have been convinced to a moral certainty, without entering the field of speculation, whether any other person *might*, or no other person *could*, have set the house on fire.

If it be supposed that the charge is defective in respect to the degree of proof requisite to show that the house was wilfully set on fire, the defect is remedied by its connection with the preceding charge. An instruction, explanatory of another charge, should be considered in connection therewith; and if when considered together, they assert a correct proposition, the judgment will not be reversed, though the explanatory charge, as a separate and disconnected instruction, may not express all the elements of the proposition. The instruction goes as far as the defendant had a right to ask.— *O'Donnell v. Rodiger*, 76 Ala. 222.

Affirmed.