# Goulding *v.* The State.

### Indictment for Disturbing Religious Worship.

1. *Charge tending to mislead jury* —A charge asked, which, when
construed in connection with the evidence, tends to mislead the jury,
even though it may assert a legal proposition abstractly correct, is pro-
perly refused.

2. *Disturbing religious worship; constituents of offense.*—A conviction
may be had for disturbing religious worship (Code, § 4199), on proof
that the defendant willfully and intentionally engaged in a fight, with-
out lawful excuse or necessity, at or near the place at which people were
engaged in worship, even though he did not bring on the difficulty,
nor strike the first blow.

FROM the Circuit Court of Monroe.
Tried before the Hon. WM. E. CLARKE.

No counsel appeared in this court for the defendant, so
far as the record and the dockets show.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The defendant is indicted under section
4199 of the Code, which declares that "any person who
willfully interrupts or disturbs any assemblage of people

[Goulding v. The State.]

met for religious worship, by noise, profane discourse, rude or indecent behavior, or any other act, at or near the place of worship," is guilty of a misdemeanor. The interruption or disturbance was occasioned by a fight, in which the defendant engaged, within a few feet of the church, in which there was an assemblage of people, who had met for religious worship. The evidence was in conflict as to who brought on the difficulty, or struck the first blow. The defendant requested the court to instruct the jury, that the word *willfully*, as used in the statute, "means intentional, or designed; pursuant to intention or design; without lawful excuse;" and if the disturbance or interruption was not caused willfully by defendant, and was not intentional or designed, or without lawful excuse on the part of defendant, he is not guilty as charged in the indictment. The court refused to give the charge.

Charges should be framed, and given or refused, in reference to the tendencies of the evidence, in the light of which the appellate court will determine their correctness. The refusal to give an instruction, though it may assert the law correctly, which there is no evidence to support, will not operate a reversal of the judgment. The meaning of the term *willfully*, as stated in the charge, is evidently copied from the definition given in *Hanson v. State*, 37 Ala. 154, where the statute was construed; and unquestionably the instruction abstractly asserts a correct legal proposition. But, assuming the truth of the evidence on the part of defendant, and conceding all inferences which may be drawn therefrom, it is indisputable that the defendant willingly and intentionally engaged in the fight If the difficulty was provoked and the first blow struck by his antagonist, the bill of exceptions fails to set forth any evidence which tends to show any justification or necessity for the defendant to engage in the combat at the place and under the circumstances. He could have avoided the difficulty, without apprehension of harm or danger, and is without lawful excuse. The defendant, having willingly and intentionally engaged in a personal combat, without lawful excuse, at the place where an assemblage of people had met for religious worship, must be regarded as guilty of the offense.—*Lancaster v. State*, 53 Ala. 398. The character of the charge is misleading. When considered in the light of the evidence, the charge would have informed the jury, in effect, that the defendant is not guilty, if he did not bring on the difficulty, nor strike the first blow, though he fought willingly and intentionally, without lawful excuse, or necessity.

Affirmed.