# Williams *v.* The State.

*Indictment for Disturbing Religious Worship.*

1. *Constituents of offense; intent.*—A conviction may be had for disturbing religious worship (Code, §4199), on proof that the defendant was guilty of rude or indecent behavior, or other act of like character, by which the assemblage was disturbed or interrupted; and while the defendant may adduce proof of a lawful excuse for his conduct, he can not prove a secret intention on his part not to disturb the assemblage.

2. *Charge construed as a whole, and in connection with evidence.*—The general charge of the court should be considered and construed as a whole, and in connection with the evidence; and if, when so construed, it asserts a correct proposition applicable to the evidence, a disconnected part or sentence is not a reversible error, although it may not express all the necessary constituents of the offense.

3. *Constituents of offense.*—The prosecution having proved that the defendant, at a meeting held for religious worship, "wore a pair of false mustaches, and, when the preacher called for mourners, walked up and extended his hand to the preacher," which caused laughter among persons sitting in the back part of the church, it is not incumbent on the prosecution to further prove that it was known in the community that the defendant did not wear a mustache.

4. *Reading reported case to jury.*—In a criminal case, the court may properly refuse to allow the defendant's counsel to read to the jury, as a part of his argument, the printed report of the facts in another case as officially published.

FROM the Circuit Court of Cherokee.

Tried before the Hon. JAMES AIKEN.

The defendant in this case was indicted for disturbing religious worship, pleaded not guilty, was convicted, and fined twenty dollars. On the trial, as the bill of exceptions shows, the State introduced several witnesses, who testified, in substance, that they were present at a meeting held for religious worship, within twelve months before the finding of the indictment, when the defendant came in, "wearing a pair of false mustaches; that he went forward, while the preacher was calling for mourners, and extended his hand to the preacher, and then returned to his seat;" and that this excited laughter among the persons sitting in the back part of the church; but they further testified, on cross-examination,

[Williams v. The State.]

that the laughter was not loud, and that the services proceeded without interruption. The defendant offered in evidence a statement under oath as to the testimony of two absent witnesses, to the effect that they were present at the meeting referred to, and saw the defendant there; "that he did nothing calculated to interrupt or disturb such religious worship, and that said worship was not disturbed or interrupted by any act of said defendant." It was admitted that the witnesses, if present, would testify as stated; but the court excluded the evidence, "because it was a mere conclusion of the witness," and the defendant excepted.

The court charged the jury, orally, as follows: "The burden of proof is on the State, to satisfy the jury, beyond all reasonable doubt, of the guilt of the defendant. If the jury believe from the evidence, beyond all reasonable doubt, that the defendant, within twelve months before the finding of the indictment, and in this county, willfully interrupted or disturbed an assemblage of people met for religious worship, by noise, profane discourse, or rude or indecent behavior, at or near the place of worship, then they will find the defendant guilty. It is not insisted that the defendant made any noise, or used any profane discourse; but the jury must see, from the evidence, whether he was not guilty of rude or indecent behavior." To the last part of this charge the defendant excepted. The court charged the jury, also, "that if they believed from the evidence, beyond a reasonable doubt, that the defendant intentionally did an act which disturbed or interrupted any part of the assemblage met for religious worship, they may find him guilty;" also, "that it was not necessary that the services should be broken off, but would be sufficient if any part of the assembly had their minds diverted from the religious services by the acts of the defendant, if there were any such acts." To each of these "sentences," or parts of the oral charge, the defendant excepted. The court charged the jury, also, "that if the defendant purposely did an act, the natural tendency of which was to disturb and interfere with the quiet and order of an assemblage met for religious worship, and the quiet and order of such assemblage was in fact disturbed thereby, they must find the defendant guilty as charged;" and to this charge also the defendant excepted.

The defendant requested the following charges in writing, and duly excepted to the refusal of each: (1.) "Unless the jury find from the evidence that the defendant was in a congrega-

[Williams v. The State.]

tion by whom he was previously known, then they can not find that he was in disguise, or in a ridiculous attitude, unless they further find that the mustaches were of a ridiculous appearance, or calculated from its appearance to attract and disturb the people." (2.) "Although the defendant may have done an act which, in its nature, would necessarily have disturbed the congregation; yet, he may rebut that presumption by proof that he had no intention of disturbing or interrupting the congregation." (3.) "Unless the proof shows that the defendant was in a community where it was known that he did not wear a mustache, then the fact that he appeared with a mustache is not such an act as would disturb or interrupt the worship."

"During his argument to the jury, the defendant's counsel asked permission to read to them the facts in the case of *Brown v. The State*, 46 Ala. 176, as there stated and published. The solicitor objected, on the part of the State, to the reading of said facts to the jury; the court sustained the objection, and the defendant excepted."

J. L. BURNETT, for the appellant.

THOS. N. MCCLELLAN, Attorney-General, *contra.*

CLOPTON, J.—To constitute the statutory offense with which the defendant is charged, an assemblage of people, who have met for religious worship, must be willfully interrupted or disturbed by noise, profane discourse, rude or indecent behavior, or other act of like character, at or near the place of worship.—Code, § 4199. *Willfully*, as employed in the statute, has been construed as synonymous with *intentionally*, or *designedly*. When either of the acts declared by the statute to be an ingredient of the offense is committed intentionally, and its natural tendency is to interrupt or disturb the assemblage, the law presumes the guilty intent. This presumption can be rebutted by proof of a lawful excuse; but not *by proof* of a secret intention not to interrupt the assemblage. *Harrison v. State*, 37 Ala. 154; *Lancaster v. State*, 53 Ala. 398; *Golding v. State*, 82 Ala. 48.

2. The expressions in the general charge of the court, excepted to, may state the legal propositions too broadly, if disconnected from the balance of the charge; but the *general* charge should be considered as a whole, and construed in connection with the uncontradicted evidence in the

[Nashville, Chattanooga & St. Louis Railway Co. v. The State.]

particular case; and if, so considered and construed, it asserts the law correctly, a disconnected sentence, though it may not express all the constituents of the offense, will not work a reversal. *Johnson v. State*, 81 Ala. 54; *Rodiger v. O'Donnell*, 76 Ala. 222. The jury must have understood the disconnected instructions as having reference to the particular acts shown by the evidence to ·have been done by the defendant, and to the extent that the order and quiet of the assemblage was disturbed as shown by the proof.

3. It was not incumbent on the prosecution, after having proved that the defendant had a false mustache, and intentionally did an act in its nature rude, which interrupted the assemblage, to show that it was known in the community that he did not wear a mustache.

4. The court did not err in refusing to permit counsel, in the course of his argument, to read to the jury the facts as reported in *Brown v. State*, 46 Ala. 176. These facts were not in evidence, would not have been admissible, and could not have been properly considered by the jury. The inevitable effect of putting facts before the jury foreign and irrelevant to the case, would have been to institute a comparison between such facts and the facts of the case on trial, and thus have diverted their attention to extraneous issues. *Blackman v. State*, 36 Ala. 295.

There is no error in the rulings of the court on the admissibility of evidence.

Affirmed.