# Johnson v. The State.

## Indictment for Disturbing Religious Worship.

1. *Constituents of offense.*—On a prosecution for disturbing religious worship (Code, § 4038), the evidence showing that the defendant, while under the influence of liquor, went into a church after the services had begun, talked loud enough to attract attention, used profane language, and said that he could pray as well as the preacher and would do it; a charge instructing the jury that they must find him not guilty, "if they believe from the evidence that what he said and did was said and done heedlessly, or recklessly—that is, carelessly, without thinking of the probable consequences,"—is properly refused. (*Harrison v. The State,* 37 Ala. 154, explained.)

FROM the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

The appellant, Richard Johnson, was indicted, tried and convicted for wilfully interrupting and disturbing a religious assembly. On the trial, as is shown by the bill of exceptions, issue was joined on the plea of not guilty. The State introduced one Kirkland, who testified that, within twelve months before the finding of this indictment, while a gathering of people had assembled at Oakey Grove Church for religious worship, the defendant came into the said church, after services had begun, and sat down on a bench; that while there he said he felt like he wanted to pray; and that he moved from the bench upon which he was sitting, and went up to the front bench upon which the witness was sitting, sat down, and said that "he could pray as well as Armstrong, the preacher, and that he would be d——d if he would not do it." Witness further testified that, upon his telling the defendant "to hush, or they might find a bill against him," he replied, "All right, by G——d, just as you say, not that I care;" that this was said in a low tone, and little above a whisper; that while he was talking, the minister conducting the services looked toward the defendant, but did not stop the services in any way; that "some of the congregation looked toward defendant while he

[Johnson v. The State.]

was talking; that while the preacher was praying, the defendant also prayed in a low tone of voice, and that he also sang when the congregation sang;" that he considered that the defendant was "pretty drunk." The State also introduced one Barnes as a witness, who testified that he was one of the ministers conducting the services at the church where the defendant was charged with having disturbed their worship; that he heard the defendant say something, but could not tell what it was; that he looked toward the defendant, but did not stop the services; and that defendant looked to be very drunk. The defendant introduced witnesses whose testimony tended to show that he had done nothing in the church, except move from one bench to another; but that the defendant looked to be very drunk, and was drinking. The defendant testified in his own behalf, that "he was drinking on the night of the alleged disturbance, and was half drunk;" that he said he wanted to pray and sing, and did join the congregation in singing; that he always felt like praying when he was drunk, and prayed both when he was drunk and when he was not drunk. This was all the evidence, and the court, among other things, charged the jury, *ex mero motu*, as follows: "If they believed beyond a reasonable doubt that the defendant in the church house was half drunk, that he indulged in profane discourse, saying 'I can pray as well as the preacher, and I will be d—d if I don't do it;' and this resulted in disturbing the congregation met for worship, then the defendant is guilty, if the profane discourse was indulged in wilfully." The defendant excepted to the giving of this charge, and also to the refusal of the court to give the written charge asked by him, which is copied in the opinion.

WALKER ESPY, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—"Any person who willfully interrupts or disturbs any assemblage of people met for religious worship, by noise, profane discourse, rude or indecent behavior," &c., is subject to indictment.—Code of 1886, § 4033. The testimony is very clear, that the conduct and conversation were such as that their natural tendency was to disturb one or more persons, who had assembled for purposes of religious worship. *Lancaster v. The State*, 53 Ala. 308.

The defendant requested the court to charge the jury, "that if they believed from the evidence that what the defendant did and said in the church, on the night on which he is charged

[Johnson v. The State.]

with having disturbed religious worship, was done and said heedlessly, or recklessly—that is, carelessly—without thinking of the probable consequences of what he said and did, they will find the defendant not guilty." This charge was refused, and defendant excepted.

We suspect this charge was asked on the supposed authority of *Harrison v. The State*, 37 Ala. 154, and the note appended to section 4033 of the Code. This is a misapprehension of this court's ruling. The trial court, in that case, had instructed the jury that they could convict, if the disturbance was either willfully or recklessly done. This court ruled that the Circuit Court erred in giving that charge, because the statute punished only a willful disturbance. We drew a distinction between the words *willful* and *reckless*, and held that recklessness did not necessarily imply willfulness. A grossly careless act may be characterized as reckless, and serious consequences may result from it. Yet, such consequences would not necessarily be willfully brought about. We, in *Harrison's case*, simply asserted that the word *reckless* is not the synonym of the statutory word *willful*, and, therefore, the Circuit Court erred in asserting disjunctively that it was enough if the disturbance was willfully or recklessly done. We decided that there might be recklessness without willfulness. We are now asked to declare that, if there is recklessness, there can not be willfulness. We can not assent to this. An act may be careless, heedless, rash, reckless, and still be willful.

We think, however, that this charge might well have been refused on another ground. There was not a semblance of proof from which any inference could be drawn that defendant's conduct was the result of mere heedlessness, or carelessness. What he said and did were manifestly intentional. If he was half-drunk, as he testified he was, this was a reason why he should have stayed away from the church; not an excuse for disturbing the worshippers assembled there.

Affirmed.