# Salter *v.* The State.

99  207
133  617

*Indictment for Disturbing Religious Worship.*

1. *Constituents of offense.*—A conviction may be had for disturbing an assemblage of persons met for religious worship, (Code, § 4033), on proof that the defendant did any willful act, within the terms of the statute, the natural consequence of which was to disturb the assemblage, and which did in fact disturb them, although he did not have the purpose and specific intent to disturb them —(*Harrison v State*, 37 Ala. 154; d clared limited and explained by later decisions.)

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN R. TYSON.

The appellant was indicted, tried and convicted for disturbing religious worship, under the statute, (Code, § 4033). The evidence, as shown by the bill of exceptions, was in direct conflict; that for the State tending to show that at a certain church, just as the congregation was leaving the church, the defendant came up to his brother, Ben Salter, as he walked out of the church, and accosted him in reference to his having talked about him, the defendant, and that a quarrel ensued. The testimony for the defendant tended to show that the said Ben Salter brought on the quarrel with the defendant. The defendant requested the court to give the following written charges, and separately excepted to the refusal to give each of them as asked: (1.) "The court charges the jury that they must believe to a moral certainty and beyond a reasonable doubt that this defendant willfully interrupted or disturbed a congregation of people met together for religious worship, and they must also believe from the evidence beyond a reasonable doubt that such disturbance was caused by noise, profane discourse, rude or indecent behavior at or near the church or place of worship, intentionally performed by the defendant, before they can find him guilty, and if the jury believe from all the evidence that such act or acts were performed heedlessly or recklessly, that is carelessly or without thinking of the probable consequences of such act or acts, then the jury should find the defendant not guilty." (2.) "The court charges the jury, that the intent is the very essence of this offense, and for the disturbance to be willful it must be something more than mischievous; it must be in its

character vicious and immoral, before they can find the defendant guilty." (3.) "The court charges the jury that before they can find the defendant guilty, they must believe to a moral certainty and beyond a reasonable doubt, that there was not only an actual interruption or disturbance of an assemblage of people met for religious worship, by noise, profane discourse, rude or indecent behavior at or near the place of worship, but such interruption or disturbance must be willfully made by the defendant, and that such acts did disturb the congregation met for religious worship." (4.) "The court charges the jury that unless they believe from all the evidence in this case beyond all reasonable doubt, and to a moral certainty that the congregation or some portion of the same, met for religious worship, were disturbed, and that this disturbance was by the acts or words or conduct of the defendant, which he did intentionally for the purpose of disturbing such assembly or some portion of it, or that the defendant did acts or employed such language, or was guilty of such conduct so near to the place where he knew a worshipping assembly was congregated, as that he must have known that such worshipping assembly would be disturbed by such acts, language or words, then they should find the defendant not guilty."

No counsel marked for appellant.

WM. L. MARTIN, Attorney-General, for the State, cited *Johnson v. State*, 92 Ala. 82; *Goulding v. State*, 82 Ala. 48; *Williams v. State*, 83 Ala. 68; *Morris v. State*, 84 Ala. 457; Code, § 4033.

McCLELLAN, J.—Each of the several charges refused to the defendant is based on the theory, that an essential element in the offense of disturbing religious worship, denounced by section 4033, is a purpose and specific intent on the part of the party charged *to disturb* the assemblage of people met for religious worship. This idea found some support in the case of *Harrison v. State,* 37 Ala. 154; but that case has been limited and explained by later adjudications, which have thoroughly established the doctrine, that a purpose and intent to disturb is not a necessary factor in the crime, but, to the contrary, that any *act,* which is within the terms of the statute, the natural consequences of which are to disturb, and which is willfully done, and which in fact does disturb an assemblage of people met for religious worship, comes under the denunciation of the

[Fargason & Co. v. Hall.]

law, though the actor may have had no intent to disturb the assemblage.—*Goulding v. State*, 82 Ala. 48; *Johnson v. State*, 92 Ala. 82; *Lancaster v. State*, 53 Ala. 398.

The charges were properly refused; and, no other question being presented by this record, the judgment of the Circuit Court must be affirmed.