# Stafford v. The State.

*Disturbing Religious Worship.*

(Decided Feb. 6, 1908.　45 South. 673.)

1. *Courts; Prescribing Rules; Authority.*—Under section 14, Local Acts, 1900-01, p. 1298, the court has authority to adopt a rule providing for the call of the criminal docket every Monday morning during term time and that misdemeanor cases shall be called on the 1st Monday after arrest at 9 A. M. at which time demand for jury must be made.

2. *Jury: Right to Jury Trial; Demand.*—Under Local Acts 1900-01, p. 1298, and the rule of the court made in pursuance thereof requiring the call of misdemeanor cases on the 1st Monday after the arrest at 9 A. M. when a demand for jury trial must be made, a defendant who fails to demand a jury trial until 2 P. M. of that day forfeits his right to a trial by jury.

3. *Disturbing Public Assemblages; Religious Worship; Evidence.*—Where the disturbance was alleged to have been an assault committed by the defendant evidence of the character of the blow struck was admissible as bearing on the question as to whether or not it was calculated to disturb the congregation.

4. *Same.*—Where a witness stated that he did not hear that religious service was to be held at the celebration, which was a Christmas tree celebration, it was proper, in a prosecution for disturbing religious worship, to show that the preacher stated when announcing the celebration, that he would be present and open the services with religious exercises.

[Stafford v. The State.]

5. *Same; Statute; Elements of Offense.*—Section 4654, Code 1896, protects from disturbance any assembly for divine worship, not only while assembled but while assembling and dispersing.

6. *Same; Nature of Worship.*—Under section 4654, Code 1896, the nature or form of worship is immaterial, it being sufficient if the exercises were intended to celebrate the birth, life, death, or resurrection of Christ, and in commemoration of the beginning of the Christian Era.

7. *Christmas Celebration.*—One who wilfully commits an assault, not in self defense, while the people assembled at a Sunday School Christmas Tree entertainment, at which there had been prayer, singing and a scriptural talk by the minister, are being dismissed, is guilty of a violation of section 4654, Code 1896.

8. *Same; Intent.*—It is immaterial whether there is an intent to disturb or not if defendant wilfully committed an assault, not in self defense, and without lawful excuse, the consequence of which was to disturb the assembly and if the assembly was disturbed by his actions he was properly convicted under section 4654.

APPEAL from Gadsden City Court.

Heard before Hon. ALTO V. LEE.

Eugene Stafford was convicted of disturbing a meeting for religious worship, and he appeals. Affirmed.

Appellant was tried by the court without a jury for disturbing religious worship, convicted, and fined $100. From this judgment he appeals. The evidence showed that on Christmas eve 1906, there was a neighborhood Christmas tree celebration at Bethany Church, in Etowah county; that in announcing the celebration, previous to its happening, the preacher announced that he would be there and have something to say after the occasion; that on the night of the celebration the pastor and the congregation assembled at the church, and the first 30 minutes of the celebration was spent in song, prayer, and talk by the pastor on the meaning of the occasion; that for 1 or 2 hours after that Mr. and Mrs. Santa Claus made their appearance, dressed for the occasion, and took up the said time in distributing presents, etc.; that after the presents had been distributed, and about half of the congregation had retired, the defendant had some trouble with one Albert Sitz, and

struck him on the head or arm with a shovel used about the fire; that the defendant was a man of good character; and that this was all that transpired. The facts as to the demand for trial by jury and the other facts sufficiently appear in the opinion.

CULLI & MARTIN, for appellant. The rule of the court as to the trial of misdemeanor cases is in derogation of the common law and violates section 6 of the declaration of rights, Constitution 1901. The assembly was not a religious assembly.—*Layne v. State,* 4 Lea. 201; *Wood v. The State,* 11 Tex. App. 321; *State v. Fisher,* 25 N. C. 144; *State v. Ramsey,* 78 N. C. 453; *Adair v. The State,* 134 La. 188; *Reeves v. The State,* 96 Ala. 41; *Johnson v. The State,* 92 Ala. 83. A purpose or intent to disturb worship is not a necessary element of the crime, but an act within the terms of the statute, the natural consequences of which, is to disturb, and which does disturb, and which is done willfully, may constitute the offense. —*Johnson v. The State, supra; Salter v. The State,* 99 Ala. 207.

ALEXANDER M. GARBER, Attorney General, for the State.

ANDERSON, J.—Loc. Acts 1900-01, p. 1298, § 14, in reference to the trial of misdemeanor cases in the Gadsden city court, provides "that the judge of said court shall try both the law and the fact except when trial by jury is demanded by the defendant in writing, filed with the clerk of said court at the first sounding of the cause after he was arrested." The court adopted a rule, which was a reasonable one, and which it had the inherent right to do, as it in no way contravened the law. The rule adopted provided that the criminal docket be called every Monday morning during term time, "and mis-

[Stafford v. The State.]

demeanor cases will be called on the first Monday after arrest of the defendants at 9 o'clock a. m., and written demand for the jury (if jury to try the case is desired) must be filed on said day or cause will be placed on the nonjury docket." The rule was not only warranted by the statute, but was essential to an orderly and expeditive administration of the law. The docket was sounded at 9 a. m. on Monday succeeding the arrest of the defendant, who failed to make the demand as required by the statute and the rule of the court, and his demand, not having been made until 2 o'clock p. m., of the same day, was properly disregarded by the court.

The state had the right to show the kind of lick struck by the defendant. A hard or severe blow would be more apt to disturb the congregation than a gentle one. Moreover, there was no ground of objection assigned to the question or answer.

The trial court did not err in permitting the state to show that the preacher, when announcing the Christmas tree celebration, stated that he expected to be present. The witness had just stated that he did not hear that religious service was to be held at the Christmas tree celebration, yet the statement of the preacher that he would be present is a circumstance tending to show that they would have religious exercise.

Section 4654 of the Code of 1896 is intended to protect any assemblage for divine worship from disturbance, not only while assembled, but while assembling and dispersing.—*King v. State,* 38 Ala. 224. It matters not as to the nature or form of worship. It is sufficient if the exercises are intended as a celebration of the birth, life, death, and resurrection of our Savior, and in commemoration of the beginning of the Christian era. The crowd had not only assembled to celebrate the birth of Christ with a Sunday school Christmas tree, but they had

[Rogers v. The State.]

prayer, song, and scriptural talk from the minister, and we are not prepared to hold that the trial judge erred in finding the defendant guilty.

The act of the defendant, complained of as the cause of the disturbance, was the assault made by him upon his companion; and we think said assault was highly calculated to disturb those present. A conviction may be had on proof that the defendant willfully and intentionally engaged in a fight.—*Goulding v. State*, 82 Ala. 48, 2 South. 478. It is true the defendant can show a lawful cause for engaging in a fight, to refute the presumption of an intentional or willful disturbance.—*Williams v. State*, 83 Ala. 68, 3 South. 743. But the assault committed by the defendant in the case at bar was not made in self-defense, and the doing of an act without a lawful excuse, the consequence of which being calculated to disturb and which does disturb, is sufficient, whether there was a purpose or intention to disturb or not.—*Salter v. State*, 99 Ala. 207, 13 South. 535.

The judgment of the city court is affirmed.

TYSON, C. J., and SIMPSON and McCLELLAN, JJ., concur.