# Ellis *v.* The State.

## Disturbing Religious Worship.

### (Decided May 21, 1914.    65 South. 412.)

1. *Disturbing Religious Worship; Offense.*—Section 6768, Code 1907, is not limited to disturbances during the actual progress of the services, and one who disturbs the members of a church while they were eating a basket dinner, just outside of the church, during the intermission between the morning and afternoon services, is guilty of disturbing religious worship.

2. *Same; Intent.*—Where a defendant intentionally used language in the presence of an assemblage of people for religious worship, the natural consequence of which would be to disturb them, he is

[Ellis v. The State.]

guilty of disturbing religious worship even though he had no pur-
pose willfully to disturb them.

APPEAL from Butler Circuit Court.

Heard before Hon. A. E. GAMBLE.

Jule Ellis was convicted of disturbing religious wor-
ship, and he appeals.   Affirmed.

A summary of the evidence appears in the opinion.
Charge E is as follows:

The court charges the jury that, although you may
believe from the evidence in this case that defendant
used the language charged to have been used by him, yet
you cannot convict defendant unless you further be-
lieve from the evidence that, at the time such lan-
guage was used, the same was used by defendant for the
purpose of willfully disturbing or interrupting an as-
semblage of people met for religious purposes.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and T. H. SEAY,
Assistant Attorney General, for the State.

PELHAM, J.—The defendant was indicted under
section 6768 of the Criminal Code for disturbing re-
ligious worship.   The evidence for the state showed that
the cursing and other discourse of the defendant, relied
upon as acts constituting a disturbance of religious
worship such as denounced by the statute, took place
on the church grounds, where the members of the
church had assembled to attend religious services.   At
the particular time the disturbance is shown to have
occurred, the members were eating a "basket dinner,"
just after the close of the regular morning religious
service that had taken place in the church building, and
only a short while before the time for holding the regu-

lar afternoon service. The congregation could properly be said, under the circumstances shown, to have recessed for the purpose of eating dinner between the times for regular services. If a congregation is assembled upon the church grounds for religious worship, the statute is applicable, and the assemblage is under its protection, although the disturbance takes place at a time when the religious services are not in progress.— *Kinney v. State,* 38 Ala. 224; *Lancaster v. State,* 53 Ala. 398, 25 m. Rep. 625.

The rulings of the court on the admission and rejection of evidence are free from prejudicial error. There were sufficient facts before the jury, if believed by them, to constitute the offense and show the defendant's guilty participation, and the court properly refused the general charge requested by the defendant, and submitted the case to the jury.

Charge E was properly refused. If the natural consequence of the language intentionally used by the defendant was to disturb the assemblage of worshippers, and did disturb them, it was not necessary to a conviction that the jury should also believe that the language was used by the defendant with the purpose of willfully disturbing the assemblage.—*Salter v. State,* 99 Ala. 207, 13 South. 535.

Affirmed.