**BLOODSWORTH v. STATE.** (4 Div. 63.)

(Court of Appeals of Alabama. Jan. 12, 1926. Rehearing Denied Feb. 16, 1926.)

**1. Disturbance of public assemblage ⬿14.**

Guilt vel non of disturbing public worship in violation of Code 1923, § 3881, *held* for jury.

**2. Disturbance of public assemblage ⬿1—Defendant is not entitled to discharge if he carelessly and recklessly, but not maliciously, disturbed public meeting (Code 1923, § 3881).**

In prosecution under Code 1923, § 3881, for disturbing religious meeting, charge that jury could not convict if they believed defendant created loud noise, disturbing religious worship carelessly and recklessly but not maliciously, *held* properly refused.

**3. Disturbance of public assemblage ⬿1—Jury need not believe defendant maliciously disturbed public meeting (Code 1923, § 3881).**

In prosecution under Code 1923, § 3881, for disturbing religious meeting, charge that jury, before they could convict, must believe that defendant maliciously disturbed the religious worship, *held* properly refused.

**4. Disturbance of public assemblage ⬿15—In prosecution for disturbing religious meeting, charge that jury could acquit if talk of others in church cast doubt on defendant's guilt held properly refused (Code 1923, § 3881).**

In prosecution under Code 1923, § 3881, for disturbing religious meeting, charge that jury in its deliberation could consider fact that others were talking in church, and might acquit if such talk cast doubt on guilt of defendant, provided finding was based on all of evidence, *held* properly refused.

**5. Disturbance of public assemblage ⬿15—In prosecution for disturbing religious meeting, charge that to convict jury must believe act willful beyond reasonable doubt held properly refused (Code 1923, § 3881).**

In prosecution under Code 1923, § 3881, for disturbing religious meeting, charge that before they could convict jury must believe beyond reasonable doubt that act done or words uttered were willfully done or uttered *held* properly refused.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Louie Bloodsworth was convicted of disturbing public worship, and he appeals. Affirmed.

The following requested charges were refused to defendant:

"The court charges the jury that if they believe from the evidence if the defendant created a loud noise disturbing religious worship, and if the jury further believe from the evi-

dence that this disturbance was done carelessly or recklessly, and not maliciously, you cannot convict defendant.

"The court charges the jury that before they can convict defendant they must believe from the evidence that the defendant maliciously disturbed the religious worship."

"If you believe that others were talking in the church, you may consider that fact in your deliberation. and if the talk of others causes you to doubt the guilt of defendant you may acquit defendant, provided you base your finding upon all the evidence.

"Before you may convict defendant, must believe beyond a reasonable doubt that act done, or words uttered, were willfully done or uttered."

One ground of defendant's motion for a new trial was that the costs taxed in the case are unreasonable.

Sollie & Sollie, of Ozark, for appellant.

The affirmative charge, and other charges requested for defendant, should have been given. Code 1923, § 3881; White v. Easters, 38 Ala. 154; Brown v. State, 46 Ala. 175; Lancaster v. State, 53 Ala. 398, 25 Am. Rep. 625. Counsel also argue that the judgment should have been reversed for unreasonableness of costs taxed against defendant.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

Defendant's requested charges were properly refused. Salter v. State, 13 So. 535, 99 Ala. 209; Ellis v. State, 65 So. 412, 10 Ala. App. 252. The amount of costs will not be considered, in deciding whether or not error was committed.

RICE, J. Appellant was convicted of the offense of "interrupting or disturbing an assemblage of people met for religious worship" under the provisions of section 3881 of the Code of 1923.

[1] The meeting was of those known as the "Assemblers of God," otherwise referred to as a "Holiness Meeting." There was much testimony offered on behalf of appellant to the effect that neither the conduct charged to him in the state's evidence, nor any other conduct, could have, in fact, disturbed the meeting in question, because of its inherently boisterous nature. However, the evidence on the part of the state was to the effect that appellant by talking and otherwise did really disturb the meeting. The issue as to his guilt vel non was, we think, properly submitted to the jury.

[2-5] Appellant requested in writing a number of charges, which were refused, but which appear in the transcript without number or other distinguishing mark of identification. We have examined each of these, and are of the opinion that there was no error in refusing any of them under the authority of Stafford v. State, 45 So. 673, 154 Ala. 71; Salter

v. State, 13 So. 535, 99 Ala. 207, and other cases that might be cited.

No question is here presented as to the excessiveness vel non of the court costs taxed against appellant.

We find no prejudicial error, and the judgment is affirmed.

Affirmed.