(111 So. 756)

## PIKE v. STATE.   (7 Div. 313.)

(Court of Appeals of Alabama.   March 22, 1927.)

Merrill, Field & Allen, of Anniston, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

SAMFORD, J. In its oral charge the court charged the jury as follows:

"It would be necessary for you to believe from this evidence beyond a reasonable doubt that, whatever he did, he did it willfully and intentionally, but it would not be necessary for you to believe from this evidence beyond a reasonable doubt that he willfully or intentionally disturbed, that at the time he did what he did that he had in mind an intention to disturb, public worship, but you have to believe that, whatever he did, he did it willfully and intentionally. Then it would be a question for you to decide whether or not that was disturbing the worship. You have heard the testimony here introduced both by the state and the defendant as to what this defendant, Ollie Pike, did, and it would be for you to decide whether or not in your opinion that disturbed that worship, and, if you believe that he willfully did what he did do, and that disturbed the worship there, then, if you believe that beyond a reasonable doubt from the evidence, it would be your duty to convict Ollie Pike."

Any act which is within the terms of the statute, the natural consequences of which are to disturb, and which is willfully done, and which in fact does disturb, an assemblage of people met for religious worship, is a violation of law, and condemned by the statute, but the act must be such as that its natural consequences would be to disturb, and this material ingredient was omitted from that part of the court's charge to which exception was reserved. Salter v. State, 99 Ala. 207, 13 So. 535. Other questions are without merit.

The judgment is reversed and the cause is remanded.

Reversed and remanded.