25 So.2d 56

**CULPEPPER v. STATE.**

8 Div. 509.

Court of Appeals of Alabama.

Feb. 19, 1946.

H. T. Foster, of Scottsboro, for appellant.

Wm. N. McQueen, Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

CARR, Judge.

The defendant in the lower court was adjudged guilty by the judge sitting without a jury. The offense charged was disturbing public worship. Title 14, Sec. 117, Code 1940.

The evidence introduced by the State tended to show that a group of about fifty persons gathered at a simple little rural church. Some of these were there for the purpose of worship. Others, it appears, were there for fun and frolic without due regard for the solemnity of the occasion and rightful respect for an orderly service. If the testimony of the witnesses for the State is to be accepted, the appellant was in the latter group. In any event it was proven that while singing, reading the scripture, and preaching were in progress, he talked loud, went in and out of the building, moved about in the room, and on one occasion "hollered" from just outside a window to a person just on the inside who had gone to the place in the room to try to quiet some loud talking there. It was shown, also, that appellant repeated his conduct after being requested to desist.

Appellant admitted being at the church during the time in question, but denied the facts above recited.

Intent to disturb is not a necessary element of the offense. Any acts which come within the provision of the statute, the natural consequence of which is to disturb, which are done willfully, and which in fact do disturb the people assembled for worship, come under the prohibition of the statute. Salter v. State, 99 Ala. 207, 13 So. 535; Pike v. State, 22 Ala.App. 25, 11 So. 756.

It is not a requisite of proof that the disturbance be within the house or that the religious program or doctrinal ceremonies be actually in progress. Adair v. State, 134 Ala. 183, 32 So. 326; Ellis v. State, 10 Ala.App. 252, 65 So. 412.

We must apply the familiar rules applicable to reviewing rulings of trial court upon admission of testimony and the presumption in favor of his findings in cases tried without a jury. Jaye v. State, 23 Ala.App. 391, 127 So. 244; Lackey v. Thomas, 28 Ala.App. 302, 184 So. 262.

■■ We do not find any ruling at nisi prius that, in our opinion, injuriously affected the rights of appellant, and we will not disturb the judgment of conviction.

The judgment below is ordered affirmed.

Affirmed.