The appellant was convicted of trafficking in marijuana, in violation of § 13A-12-231, Code of Alabama 1975, as charged in the indictment. He was sentenced, pursuant to the Habitual Felony Offender Act, to 15 years in the state penitentiary.
The trial evidence revealed the following: On December 20, 1988, the appellant sold Jimmy Wilcox 4.4 pounds of marijuana. Wilcox, who was serving a prison term for theft, had agreed to work under cover in drug operations for the Morgan County Sheriff's Department in return for having his prison term shortened. At trial, Wilcox testified that he and the appellant were old acquaintances and that he had first contacted the appellant by telephone on October 26, 1988, to arrange a drug deal. The record reflects that, between October 26 and December 20, 1988, Wilcox and the appellant spoke over the telephone more than 10 times. Many of these telephone conversations were tape-recorded.
Jimmy Wilcox testified that the topics discussed in the telephone conversations between him and the appellant varied. The conversations were about "old times," the appellant's financial and business ventures, and the appellant's real need for additional finances. From the first conversation, however, there was also general discussion about illegal drugs. The trial evidence indicates that in later conversations, the appellant told Wilcox that, although he did not want to be involved in selling drugs, he would get involved because he needed the money. *Page 112 
Although the evidence does not indicate who initially mentioned a drug deal, eventually the appellant and Jimmy Wilcox did agree to enter into a drug transaction. On December 20, 1988, the appellant met Wilcox at a Stuckey's restaurant in Morgan County and the appellant gave Wilcox 4.4 pounds of marijuana in exchange for cash.
 I
The appellant contends that he was entrapped by law enforcement officials into selling the marijuana and that the state failed to prove beyond a reasonable doubt that he was predisposed to commit the criminal act of trafficking in marijuana before he was approached by law enforcement officials. We disagree. Recently, this court addressed the burden a defendant must meet to prove entrapment.
 " 'A defendant who seeks to raise a defense of entrapment must first come forward with evidence sufficient to raise a jury issue "that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it." . . . When the defendant makes such a showing, the burden shifts to the government to demonstrate beyond a reasonable doubt that the defendant was predisposed to commit the offense charged. . . . Appellate review of a jury decision on entrapment is directed to whether the evidence was sufficient to enable a reasonabl[e]-minded jury to reach the conclusion that the defendant was predisposed to take part in the illicit transaction.' "
Thompson v. State, 575 So.2d 1238, 1239 (Ala.Crim.App. 1991), quoting United States v. Dickens, 524 F.2d 441, 444 (5th Cir. 1975). Thus, as Thompson demonstrates, before the burden shifts to the state to prove that a defendant was predisposed to commit a criminal act, the defendant must present sufficient evidence to raise a jury issue as to whether the crime was induced by law enforcement officials.
The state's evidence tended to show the following. The appellant, who was involved in several business ventures, told Wilcox that he needed money. The appellant and Wilcox were old acquaintances and during their telephone conversations between October 26, 1988, and December 20, 1988, they discussed several topics, including illegal drugs. Wilcox testified that they even joked about "dope deals." Discussions about drugs were a part of every conversation. Despite the fact that the appellant told Wilcox that he did not want to get involved in drug activity, the appellant nevertheless indicated to Wilcox that he needed extra money, what he referred to as "Christmas money."
Although the record reveals that from the very beginning it was the plan of Wilcox and law enforcement officials to try and "make a buy" from the appellant, this is not sufficient to raise a jury issue that the offense was induced by law enforcement officials. " '[E]vidence that the government agent sought or initiated contact with the defendant's or was the first to propose the illicit transaction, has been held to be insufficient to meet the defendant's burden.' "Thompson, at 1239, quoting United States v. Andrews,765 F.2d 1491, 1499 (11th Cir. 1985), cert. denied, Royster v. UnitedStates, 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986). Furthermore, this court has previously held:
 " ' "Entrapment as a matter of law is established only where the testimony is undisputed that a person having no predisposition to commit offenses of the kind complained of was induced to do so by the trickery, persuasion, or fraud of a Government agent." . . . Solicitation alone, however, does not establish entrapment, nor is it illegitimate for the Government to set a "trap for the unwary criminal." ' United States v. Rippy, 606 F.2d 1150, 1154-55 (D.C. Cir. 1979) (footnotes omitted).
". . . .
 ". . . Other than the mere opportunity, no persuasion or encouragement was employed. 'There is no prohibition against the police using decoys to present the opportunity to those intending or willing to commit a crime.' [State v.] Cruz, *Page 113 
426 So.2d [1308,] 1310 [(Fla.Dist.Ct.App. 1983)]. '(A)rtifice and stratagem may be employed to catch those engaged in criminal enterprises.' United States v. French, 683 F.2d 1189, 1194 (8th Cir.), cert. denied, [459] U.S. [972], 103 S.Ct. 304, 74 L.Ed.2d 284 (1982)."
Chillous v. State, 441 So.2d 1055, 1057-1058
(Ala.Crim.App. 1983).
In this case, the appellant was unknowingly confronted with a plan by law enforcement officials to buy drugs from him. Law enforcement officials merely provided the appellant with the opportunity to commit the crime. It is true that it took approximately two months to consummate the drug transaction. However, the evidence reveals that the topics of drugs was raised in every telephone conversation between the appellant and Wilcox, although it was unclear who raised the topic of drugs in the conversations. It is also clear that the appellant needed money, thus prompting him to sell the marijuana to Wilcox. In this case, the burden never shifted to the state to demonstrate the appellant's predisposition to commit the charged offense, because the appellant failed to present sufficient evidence to raise a jury issue that the crime was induced by law enforcement officials. There is nothing wrong with law enforcement officials employing a plan or a strategy to present an opportunity to someone involved in criminal activity.
 II
The appellant contends that the trial court committed reversible error when, he argues, it incorrectly charged the jury on the necessary burden to raise an entrapment defense and on the proper focus for the jury on the issue of the appellant's predisposition to commit the crime. We do not agree.
 A
The appellant argues that both in its initial charge to the jury and in the supplemental charge, the trial court improperly placed the burden of proof on the appellant. The appellant claims that the court's charge on entrapment is a complete misstatement of the law and that it specifically negates the state's burden of proving beyond a reasonable doubt that the appellant was not entrapped. Rather, the appellant states, the burden should be on the state instead of the appellant to prove beyond a reasonable doubt that the defendant was not entrapped.
The court uses the following language in both its initial charge and the supplemental charge:
 "To establish entrapment as a matter of law, the evidence must clearly have indicated that a government agent originated the criminal design. That the agent implanted in the mind of an innocent person the disposition to commit the offense, and that the Defendant then committed the criminal act at the urging of the government agent. Entrapment as a matter of law is established only where the testimony is undisputed that a person having no predisposition to commit the offenses of the kind complained of was induced to do so by the trickery, persuasion or fraud of the government agent." (R. 177 and 188.)
The appellant contends that Alabama law does not require "undisputed" testimony that a defendant is not predisposed to commit an offense to permit a jury to acquit. Moreover, the appellant argues, the law does not require the defendant to "clearly" prove government inducement. Thus, the appellant continues, the court's use of this word was both incorrect and misleading and this resulted in juror confusion. Furthermore, he alleges that the jury received the wrong impression regarding the necessary burden of proof. The appellant contends it was not made clear to the jury that the state must establish beyond a reasonable doubt that he was predisposed to commit the offense.
When reviewing the trial court's charge, "the court's charge must be taken as a whole, and the portions challenged are not to be isolated therefrom or taken out of context, but rather considered together." Porter v. State, 520 So.2d 235, 237
(Ala.Crim.App. 1987). *Page 114 
With this standard as a guide it is necessary to review the trial court's jury charge in its entirety, especially in regard to what the court instructed on the burden of proof. During its initial charge to the jury, the trial court stated:
 "In order for the defense of entrapment to be available, the defense must first come forward with evidence sufficient to raise the jury issue, to raise that question, that issue, that the State's conduct creates a substantial risk that the offense would be committed by a person other than one ready to commit it. Or by a person not predisposed to commit it. Once such issue is raised, the State must prove beyond a reasonable doubt that the Defendant was predisposed to commit the charged offense." (R. 275.)
 "Once such issue is raised, the government must prove beyond a reasonable doubt that the Defendant was predisposed to commit the charged offense. The primary focus is upon the predisposition of the Defendant rather than on the agent's actions." (R. 278.)
Additionally, in the supplemental jury charge, the trial court stated:
 "Defendant has the duty to or burden to inject that issue or to bring forth some evidence of that, but the Defendant is not under any duty to prove or convince you beyond a reasonable doubt that he was entrapped. His duty is to inject the issue, to bring the evidence, and then the State has to prove beyond a reasonable doubt that there was no evidence — that there was no entrapment. That's how the burdens work. I don't know if that's what you are wanting or not, but I will go over that first with you. The State must prove beyond a reasonable doubt that the Defendant was not incited, induced, lured or instigated by a State officer or any person acting under their control to commit a criminal offense which the Defendant otherwise would not have committed, and which the Defendant had no intention of committing." (R. 286.)
Following a review of the trial court's entire jury charge, we must conclude that the court's errors, if any, were harmless. In both the initial charge to the jury and the supplemental charge the court clearly and properly instructed the jury that inquiry as to whether entrapment occurred is a two-step inquiry: (1) first, the defense must come forth with sufficient evidence to raise a jury issue that the defendant was induced by the government to commit the offense, and (2) then the state must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. Because we hold that the court's instructions to the jury on the issue of entrapment were adequate, any error committed by the trial court as to this issue is harmless.
 B
The appellant also argues that, because of the court's allegedly improper charge, the jury incorrectly focused on the appellant's predisposition to commit the crime. In particular, the appellant excepts to the following statement in the supplemental charge: "You must look into and see whether or not the Defendant was at the time this offense was committed predisposed to commit that act." (R. 287.) The appellant contends that a defendant must possess the predisposition to commit the criminal offense before his initial exposure to law enforcement officials.
Again, we cannot take a single statement in the court's charge in isolation. In its initial charge, the trial court correctly instructed the jury: "Predisposition is by definition the defendant's state of mind and inclination before his initial exposure to government agents." (R. 276.) This court has held:
 "[T]he fact that isolated instructions are erroneous or misleading is no ground for reversal where the instructions as a whole present the case properly. Johnson v. State, 81 Ala. 54, 1 So. 573
(1886). Where a portion of the oral charge is erroneous or misleading, the whole charge may be looked to, and the entire charge must be construed together to see if there be reversible error."
Harris v. State, 412 So.2d 1278, 1281 (Ala.Crim.App. 1982).
When looking at the court's instructions on entrapment and predisposition as a whole, we decline to reverse based on any erroneous instructions given by the court *Page 115 
in its supplemental charge. The court's charge was adequate and any error made by the trial court was harmless.
 III
The appellant contends that the trial court erred in admitting into evidence his prior conviction for trafficking in cocaine. Specifically, the appellant argues that his previous conviction, which occurred in 1983, was too remote to be admissible in this case. He further contends that he was unduly prejudiced by the admission of evidence of this conviction.
First, and the appellant so concedes, it is clear that a defendant's previous criminal conduct is admissible to show criminal predisposition in entrapment cases. Davis v. State,570 So.2d 791, 794-95 (Ala.Crim.App. 1990). Furthermore, this court, in Davis, held that a nine-year-old conviction for the sale of narcotics and a five-year-old conviction for possession of narcotics were relevant to show the defendant's criminal predisposition. Davis, at 795. The appellant's argument as to this issue is without merit. The prior conviction is not too remote to be admissible. Evidence of the prior conviction was properly admitted.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.