# Southern Railway Co. *v.* Weatherlow.

## *Crossing Accident..*

### (Decided Dec. 1909.—51 South. 381.)

1. *Railroads; Operation; Crossing Accident; Complaint.*— A complaint alleging that defendant's servants wantonly and recklessly or intentionally inflicted the injury complained of, is not demurrable for a failure to particularize in what the wantonness consisted, or as alleging wantonness or willfulness in the alternative.

2. *Pleading; Demurrer; Waiver.*—It is the office of demurrer to call attention to defects in pleading, and where appropriate grounds of demurrer are not interposed to properly raise a question as to defects in pleading, such defects will not be considered.

3. *Charge of Court; Ignoring Evidence.*—Charges which ignore certain phases of the evidence are properly refused.

4. *Same; Invading Province of Jury.*—Charges which invade the province of the jury are properly refused.

5. *Same; Particularizing Parts of the Evidence.*—Charges which particularize or stress parts of the evidence to the exclusion of other evidence are properly refused.

6. *Same; Oral Charge; Construction.*—The oral charge of the court must be construed as a whole, and error cannot be predicated upon extracts from the charge which are proper when read in connection with the whole charge.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Action by Harrington Weatherlow, pro ami, against the Southern Railway Company, for damages. Judgment for plaintiff, the defendant appeals. Affirmed.

The pleadings, sufficiently appear from the former report of this case, found in 153 Ala. 171, 44 South.

1019, reference to which is hereby made. Charge 25, refused to the defendant, is as follows: "If the evidence was evenly balanced as to the speed of the engine, and the witnesses as to this matter are equally credible, it is your duty to give belief or credence to those witnesses who have testified that the speed did not exceed five miles per hour." The portions of the oral charge excepted to are as follows: "To constitute wanton negligence or willful injury, the facts must be known to the defendant, or must be such as to make it probable that its conduct will result in injury, or he must consciously and intentionally do a wrong or so omit to do a right." And "if you are reasonably satisfied from all the evidence that the plaintiff was injured by the negligence of the defendant, and that this negligence is wanton, then it will be your duty to return a verdict for the plaintiff, and in the event you do the form of your verdict will be: 'We, the jury, find for the plaintiff, and assess his damages at $——.' "

PAUL SPEAKE, and ALMON & ANDREWS, for appellant.—The court erred in overruling demurrers to count 4.—*Goodlow v. M. & C.,* 107 Ala. 233; *A. G. S. v. Sanders,* 145 Ala. 548; *Bir. R. L. & P. Co. v. Randall,* 149 Ala. 539. The count did not state a cause of action and the defendant was entitled to the affirmative charge.—*Southern Ry. v. Bunt,* 131 Ala. 591; *Lamb's Case,* 124 Ala. 172. The defendant was entitled to the affirmative charge on the evidence.—*Bush's Case,* 122 Ala. 470; *Black's Case,* 89 Ala. 313; *L. & N. v. Lewis,* 141 Ala. 466; *Ensly Ry. v. Chewning,* 93 Ala. 24; *G. P. Ry. Co. v. Lee,* 92 Ala. 262. Charge 25 should have been given.—Authorities supra. Counsel discuss motion for a new trial, but without citation of authority. They insist that the court's oral charge was error.

[Southern Railway Co. v. Weatherlow.]

—*Bank's Case,* 132 Ala. 471; *Brown's Case,* 121 Ala. 221; *Peters' Case,* 121 Ala. 533.

KIRK, CARMICHAEL & RATHER, for appellee.—The pleading was settled on a former trial of this cause.— 154 Ala. 171. The defects contended for now are not pointed out by appropriate demurrers.—*A. G. S. v. Sanders,* 145 Ala. 449. The evidence showed that the servants were acting within the scope of their authority, and the affirmative charge is properly denied.— 153 Ala. 171; *M. & C. v. Martin,* 117 Ala. 367; *A. G. S. v. Burgess,* 114 Ala. 587; *Southern v. Wilman,* 119 Ala. 566; *Gothard v. A. G. S.,* 67 Ala. 114. The court properly refused charge 25.—*Battles v. Tallman,* 96 Ala. 403; *Rowe v. Barber,* 93 Ala. 422; *Norris v. The State,* 87 Ala. 85. On these authorities, it is insisted that the oral charge of the court was correct, and that motion for a new trial was properly overruled.

McCLELLAN, J.—This is the second appeal in this case.—*Southern Railway Co. v. Weatherlow,* 153 Ala. 171, 44 South. 1019. The trial was had on count 4, all others being eliminated. This count was considered, on former appeal, with reference to the demurrer assailing it, and it was then necessarily held to state a cause of action as for wanton or willful injury, and also to be good against the objections taken by the demurrer. A reconsideration of the propriety of the court's action in overruling the demurrer leads to the same conclusion. The argument, in brief, that the count omits to aver that the servants operating the engine were acting within the scope of their employment, cannot be considered, since there is no ground of the demurrer taking the point argued. Obviously, that omission, if objectionable, would not render the count

so fruitless as to state no cause of action. If faulty for the omission, it was the office of appropriate demurrer to call attention to the defect, that the pleader might amend.

Upon a reexamination of the evidence, in connection with the issues raised by the fourth count, the previous ruling on that matter must be reaffirmed. They were properly submitted to the jury for their decision. The law has been repeatedly adjudged, and that to finality, in respect of what, in fact, constitutes a willful or wanton injury in cases like that at bar. It is not thought necessary to again reiterate at this time.

The affirmative charge not being due the defendant, as before indicated, the only special instructions insisted on, in brief, as being erroneously refused defendant, are those numbered 10 and 25.

We find no charge 10 in the bill of exceptions.

Charge 25 was properly refused. It invades the jury's province. It does not refer to the "speed" of the engine at the time of the injury, or to the crossing at which the injury occurred. It singles out a particular feature of the evidence, in violation of the rule. It may be otherwise faulty.

The charge of the court ex mero motu is set out in the bill. Viewing the two excerpts therefrom, to which defendant took exceptions, and here urges as error, in connection with other parts of the charge declaratory of the essentials to the imputation of wantonness or willfulness in respect of an injury, it is apparent that the court did not err to defendant's prejudice. A trial court cannot be put in error by extracting such points as, when considered without reference to the whole of the charge, or related parts thereof, might appear unsound, but, when taken and read in that connection,

would be a sound exposition. The charge must be considered as a whole. The evidence was in conflict. The jury resolved the issues of fact against defendant. The court, upon the motion for a new trial, did not feel justified in disturbing the verdict rendered. We are not convinced that the verdict was so palpably opposed to the weight of the evidence as to warrant the reversal of the conclusion of the trial court in the premises.

There is no merit in the errors assigned and pressed in argument. The judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ. concur.