[Birmingham Southern Ry. Co. v. Craig.]

# Birmingham Southern Ry. Co. v. Craig.

## *Injury to Employee.*

(Decided May 30, 1911.  55 South. 950.)

1. *Master and Servant; Injury to Servant; Co-employee's Negligence.*—Where the action was for injury to a railroad employee caused by the negligence of the person in charge or control of an engine, a charge asserting that where a railroad employee was injured by the negligence of somebody else in the employ of the railroad company, and such negligence was the proximate cause of the injury, the company was primarily liable, ignored the principle that to place responsibility upon the master the employee whose negligence caused the injury must, under the statute, have been in control of the engine.

2. *Same; Evidence; Instruction.*—Where the action was for injury to a railroad employee, and the only negligence relied on was that of the person in charge of the engine, and the court instructed the jury that the negligence relied on was that of the person in control of the engine and that the plaintiff claimed that his injury resulted in consequence of the negligence of such person, a charge that plaintiff could recover, if the injury was caused by the negligence of somebody in the employ of the railroad company, was not injurious to the defendant, although ignoring the principle that under the pleading the employee whose negligence caused the accident must have been in charge of the engine, to create a liability.

3. *Charge of Court; Undisputed Facts.*—Where the facts are undisputed and are implied in instructions, such instructions need not include them in every hypothesis when stating the principles applicable to the controverted facts, and their omission is not calculated to mislead the jury.

4. *Same; Construction; Requisites.*—A charge is to be construed in connection with the evidence and its other parts, and if, when so construed it properly declares the law applicable to the facts, the court will not be put in error because a segregated part of the charge, when considered separately is unsound, or fails to state all the necessary requirements of liability.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Joe Craig against the Birmingham Southern Railroad Company, for damages for injury to him while in its employment. Judgment for plaintiff and defendant appeals. Affirmed.

PERCY, BENNERS & BURR, for appellant. Counsel discuss the portion of the court's oral charge to which exception was reserved and insist that it was error, but cite no authority in support thereof.

BOWAN, HARSH & BEDDOW, for appellee. The oral charge must be construed as a unit, and when taken as a whole it fairly applies the law to the facts in this case.—*So. Ry. Co. v. Weatherlow,* 164 Ala. 151; *B. R. L. & P. v. Moore,* 163 Ala. 43.

PELHAM, J.—The only error assigned and insisted upon by appellant in this case is the trial court's having given as a part of the oral charge to the jury the following: "Now, I need not go into the reasons for this law, gentlemen. Suffice it that it is the law of the state that a person in the employ of a defendant as this plaintiff claims here that he was, if he was in the employment of that defendant and injured by the negligence of somebody else in its employ and that negligence was the proximating cause of any injury that he may have sustained, why primarily the defendant would be liable to him in such damages as he may have suffered."

The suit was one to recover damages for personal injuries, brought by the appellee, an employee, against appellant, his employer, and on the trial appellant duly reserved an exception to that part of the oral charge set out. The excerpt from the oral charge of the court ignores the principle that to place responsibility which creates legal liability upon the master in a case of this kind, the employee whose negligence is counted upon must be more than a fellow servant—must have been in this case the person in charge or control of the locomotive or engine in question. Taken as a separate propo-

sition, the excerpt does not correctly state the law, as it omits to include in the rule announced that "the somebody else" in the employ of the same employer as the injured party must have been one of the class enumerated by the statute for whose negligence the master is made liable.

On the trial the case went to the jury on the first count of the complaint, and the only negligence averred or relied upon was that of the person who had charge or control of the engine. The evidence of the plaintiff (appellee) tended to show negligence upon the part of such person (it being agreed the person's name to whom negligence was charged was one Doc McClendon). The defendant (appellant) introduced evidence to the effect that Doc McClendon was not on the engine or in charge of it at the time of the injury, but there was no evidence except by the inference that might possibly be drawn from these facts tending to show that McClendon was not the person whose negligence was in question, or that any other person, for whose negligence defendant would not be responsible, had caused the injury. The negligence of no other person seemed to be involved in the issues submitted to the jury than that of Doc McClendon, a person for whose negligence, if in charge of the engine, defendant would be primarily liable if the injury resulted as a proximate consequence of his negligence.

Viewing that part of the charge to which an exception was reserved in the light of the fact that the only negligence averred and relied upon by plaintiff, and the only negligence upon which there was any conflict in the testimony, was that relative to a person for whose negligence the defendant would be primarily liable, it was but natural that the court in some part of its charge would state the rule as to primary liability by

directing the jury's attention to the matters really in controversy, and stating the rule of law applicable to them without the proviso as to the necessity of the employee being one of those designated by the statute for whose negligence defendant could be made liable, as that fact did not seem to be in dispute or one of the controverted issues in the case.

When the facts relating to some particular matter are undisputed, admitted, or mutually proven on the trial, there is no necessity resting on the court to include them in every hypothesis when stating the principles of law applicable to the controverted facts, if such other facts are implied, or necessarily inferred as not controverted, and their omission not calculated to mislead the jury. The precise principle of law applicable to the controverted facts immediately in question is correctly stated in that part of the charge to which exception is reserved, and that appellant was not concerned as to the misleading nature or harmful consequences of the charge is manifest from the history of the exception as disclosed by the record. The appellant having excepted to that portion of the oral charge of the court set out above, the court, evidently considering the objection aimed at the instructing not stating the rule of law that primary negligence may be overcome and recovery defeated by proof of contributory negligence, proceeded to explain what was meant by primary negligence and to give the rule applicable to contributory negligence in that connection, and the appellant, without having indicated in the first instance, and not pointing out or in any way stating or directing the court's attention to the ground of objection after the court had given the explanatory charge, renewed the exception. The appellant was, of course, strictly within his rights in this; but, the court having endeavored to fairly meet

[Birmingham Southern Ry. Co. v. Craig.]

defendant's objection and correct any error in the charge, it is persuasive to the effect that the exception was not based on the court's charge being injurious as incorrect or misleading so much as that an exception was sought to a harmless inaccuracy of expression as to a portion of the court's oral charge, when the charge taken as a whole was a full, fair, and complete expression of all the rules of law arising on the evidence before the jury for their consideration.

The charge of the court must be considered and construed as a whole, and in connection with the evidence, and if, when so taken and construed, it is found to be a sound exposition of the law applicable to the matter objected to, the court cannot be put in error because some segregated portion of the charge considered separately is unsound or fails to hypothesize all the necessary requirements of liability.—*So. Ry. v. Weatherlow,* 164 Ala. 151, 51 South. 381; *Williams v. State,* 83 Ala. 68, 3 South. 743.

The court in this case in its oral charge stated to the jury that the negligence relied upon by plaintiff was that of a person in the employ of the defendant in control of a locomotive or engine; that the plaintiff claimed his injury to have resulted as a proximate consequence of the negligence of one Doc McClendon, who, plaintiff alleges, was in charge or control of the engine or locomotive; that the burden was on the plaintiff to prove all these material allegations to entitle him to a recovery.

These instructions in the court's oral charge were related to and in some cases almost immediately connected with the excerpt set out that is excepted to. Taking the charge as an entirety and construing the portion excepted to in connection with the whole charge in the light of the evidence upon which it was predicated,

there is no error shown to the appellant's prejudice by the court giving that portion of the oral charge to which an exception was reserved.

Affirmed.