# Jackson v. The State.

*Murder.*

(Decided June 13, 1911. 56 So. 96.)

1. *Charge of Court; Construction.*—In construing the oral charge the portions excepted to must be taken in connection with the whole charge and with the evidence, and if it correctly states the law as a whole, the fact that some isolated portions thereof may be incorrect, is not grounds for a reversal.

2. *Homicide; Self Defense; Abandonment of Conflict.*—If one who incites a difficulty, or is at fault in bringing it on, in good faith abandons the difficulty and clearly announces and shows his desire for peace, and is afterwards pursued or attacked, he may defend himself, and invoke the doctrine of self defense; but, in order to do this, he must clearly manifest a desire for peace and retirement from the conflict, and that his purpose has ceased to be hostile, for if the acts are not in good faith but merely colorable, the right of self defense is not restored.

3. *Same; Evidence.*—The evidence in this case stated and examined and held insufficient to show that the defendant retired from the difficulty with the declaration for peace, but rather that he retired with a hostile purpose of arming himself for further conflict.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

From a conviction of murder in the second degree Dave Jackson appeals. Affirmed.

W. E. ANDREWS, for appellant. Under the circumstances in this case the right of self-defense revived.— *Parker v. The State,* 88 Ala. 4; *Story's Case,* 71 Ala. 330. Under these authorities, it is apparent that the court erred in its oral charge to the jury, and that the question of the good faith of the defendant should have been submitted to the jury.

R. C. BRICKELL, Attorney General, for the State.

PELHAM, J.—The defendant was tried on an indictment charging murder, and was convicted of murder in the second degree. On the trial defendant reserved several exceptions to the oral charge of the court, which are set out in the record. The first exception is in the following language: "We desire to reserve an exception to that portion of your honor's charge where you stated, if the defendant went off and got that pistol for the purpose of coming back and renewing, then he cannot invoke the doctrine of self-defense. The stenographer has it exactly as you said—if he got the pistol and came back for the purpose of renewing the difficulty. And did renew it—your honor left that part out." The court then charged the jury as follows: "And did renew it, then he cannot invoke the doctrine of self-defense. Or if he came back for the purpose of renewing it, with the intention in his mind to kill the deceased, then, although the deceased may have made the assault upon him and become the aggressor when he came back there, yet if the defendant did form the design to take the life of the deceased he cannot invoke the doctrine of self-defense." The defendant thereupon excepted to that portion, and the court further charged the jury: "I believe I took that last point wrong; I left out one word. This is the idea I want to impress upon you: The

question in this case, one of the questions for you to determine, is whether or not this defendant provoked this difficulty for the purpose, when he came back there, for the purpose of shooting this man. Now if he came back with that purpose, got that pistol for that purpose, then came back and provoked the trouble, altogether this man may have assaulted him with a paling as he testified, still he should not invoke self-defense, after coming back with the pistol." The defendant then excepted to 'the latter part of your honor's charge," and further said, upon being asked what he had to say: "We desire to reserve an exception to that portion of your honor's charge where you stated, if that defendant went off and got that pistol for the purpose of coming back and renewing, then he cannot invoke the doctrine of self-defense. The stenographer has it exactly as you said it— if he got the pistol and came back for the purpose of renewing the difficulty. And did renew it—your honor left that part out." The court thereupon, as shown by the record, further charged the jury, "And did renew it, then he cannot invoke the doctrine of self-defense. Or if he came back for the purpose of renewing it, with the intention in his mind to kill this deceased, then, although the deceased may have made the assault upon him and became the agressor when he came back there, yet if the defendant did form the design to take the life of the deceased he cannot invoke the doctrine of self-defense." The record then contains the statement: "To which action of the court the defendant then and there duly and legally excepted," whereupon the jury was recalled and the court still further charged them as follows: "I believe I took that last point wrong; I left out one word. This is the idea I want to impress upon you: The question in this case, one of the questions for you to determine, is whether or not this defendant provok-

ed this difficulty for the purpose, when he came back there, for the purpose of shooting this man. Now if he came back with that purpose, got that pistol with that purpose, then came back and provoked the trouble, although this man may have assaulted him with a paling as he testified, still he could not invoke self-defense, after coming back with that pistol." Some of the charges and exceptions seem to be repetitions; we have set them out just as they appear in the transcript before us. After the last charge of the court, the record contains the following statement: "To which part of the court's charge the defendant then and there duly and legally excepted."

The entire oral charge of the court is set out and must be looked to and construed, together with the portions excepted to, and in connection with the evidence, and, if the charge considered as a whole correctly states the rules of law applicable to the evidence in the case, it will not be deemed reversible error if some of the portions considered as standing alone are incorrect.—*Mc-Neill v. State,* 102 Ala. 121, 15 South. 352, 48 Am. St. Rep. 17; *Williams v. State,* 83 Ala. 68, 3 South. 743; *Gibson v. State,* 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96; *C. of G. Ry. v. Thweatt,* 151 Ala. 388, 44 South. 380; *So. Ry. Co. v. Weatherlow,* 164 Ala. 151, 51 South. 381; *Birmingham So. Ry. Co. v. Joe Craig,* 1 C. of App. 329, 55 South. 950.

Defendant's objection goes to that part of the court's oral charge giving the rules of the law of self-defense as applicable to one who, although not without fault in bringing on the difficulty, abandons it in good faith, and after withdrawing from the combat is attacked; his right to defend himself under such circumstances being revived. There is a well-recognized exception to the general rule that an aggressor, one who provokes or

incites a difficulty, or is at fault in bringing it on, cannot excuse or justify himself in taking life; but when such a one in good faith abandons the difficulty and clearly announces or shows his desire for peace, and is afterwards pursued or attacked, his right to defend himself is revived. To come within this exception, the acts and conduct of the party must clearly manifest his desire for peace and his retirement from the conflict, and that his purpose has ceased to be hostile, to restore him to the right of justifiable or excusable homicide under the doctrine of self-defense. Unless the withdrawal is bona fide and real, it avails him nothing, and where it is for the purpose of gaining some new advantage, or is merely colorable, the right of self-defense is not restored.

In this case the oral charge of the court taken as a whole was more favorable to the defendant than the law justifies. It left to the jury, when so construed, to determine the good faith of the defendant in withdrawing from the difficulty, and also to determine whether or not he was at fault in renewing it, when the evidence taken as a whole leads to the legal conclusion that he did not in good faith abandon the difficulty, and certainly the evidence, which is without conflict, of his returning to the place of difficulty, with ill-feeling existing and the difficulty in progress, and openly armed with a pistol, could not well be taken as a clear manifestation of a desire for peace on the part of one whose purpose has ceased to be hostile. The declaration made by the defendant when he left the place of the difficulty to get the pistol, according to the state's testimony, "Wait a minute until I come back, and I will fix all you ———" (using a very strong and vile epithet), evinced, not a purpose to withdraw and have peace, but to withdraw for the purpose of arming himself to renew the diffi-

culty with the better advantage of being armed with a deadly weapon. The defendant, who testified as a witness in his own behalf, did not deny making this threat upon temporarily leaving the place of difficulty, nor did any of the defendant's witnesses. The evidence without conflict shows the defendant did return with a pistol to the scene of the encounter in a very short space of time, and the difficulty was renewed and the fatal rencounter occurred. Under such circumstances it makes no difference that the first demonstration or overt act may or may not have come from the deceased upon the return of the defendant to the scene of the difficulty. There had been nothing to indicate the defendant's bona fide purpose to withdraw and retire from the difficulty that would restore to him the right to take the life of another in self-defense. Nor could defendant in this case invoke the doctrine of self-defense under the rule laid down in *Stallworth's Case*, 146 Ala. 8, 41 South. 184, where it was held: "A slayer of a human being must not be unmindful of his words or acts on the occasion of the homicide, which are likely to produce the deadly combat. And if by his acts, words, or conduct he shows a willingness to enter the conflict, or if by his words or acts he invites it, he must be held to have produced the necessity for slaying his adversary, and cannot invoke the doctrine of self-defense."

The evidence in the record before us not only fails to show a bona fide purpose on the part of the defendant of retiring from the difficulty with a clear announcement for peace, but the contrary is clearly shown and there was no error in the court's oral charge of which the defendant can complain. See *Crawford v. State*, 112 Ala. 1, 21 South. 214; *Parker v. State*, 88 Ala. 4, 7 South. 98; *Bostic v. State*, 117 Ala. 25, 23 South. 677.

Affirmed.