# Arden *v.* The State.

*Burglary and Larceny.*

(Decided Dec. 19, 1912. 60 South. 538.)

1. *Indictment and Information; Joinder; Burglary and Larceny.*—An indictment may properly join in separate counts burglary and grand larceny, and where the verdict is general, and the punishment imposed applicable to either count, the verdict may be referred to ·either count.

2. *Same; General Verdict.*—Where the indictment joined in separate counts burglary and grand larceny, and the burglary count was evidently good, a general verdict of conviction will not be held erroneous on appeal because of a defect in the larceny count.

3. *Charge of Court; Oral Charge; Construction.*—The oral charge · of the court must be construed as a whole, and if, when so construed, it correctly states the law, any inaccuracies in isolated portions thereof will not require a reversal.

4. *Same; Directing Verdict.*—Where there was sufficient evidence connecting the defendant with the commission of the offense charged, to authorize a submission of that question to the jury, the affirmative charge should not be given.

5. *Appeal and Error; Designating Error; Sufficiency.*—Where there was a statement in brackets in the body of the oral ˙charge stating that the portions of the oral charge excepted to were underscored, such designation of error did not point out with sufficient definiteness those parts of the charge to which exceptions were reversed so as to authorize a review thereof.

6. *New Trial; Criminal Case.*—The appellate court will not review the action of the trial court in declining to grant a motion for a new trial in a criminal case.

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Joshua Arden was convicted under an indictment charging burglary and grand larceny, and he appeals. Affirmed.

JAMES KAY, for appellant. The indictment as to the larceny count was not good.—*Grant v. The State,* 55 Ala. 208; *James v. The State,* 115 Ala. 86. The court

[Arden v. The State.]

erred in its admission of evidence and in the oral charge.—*Buchanan v. The State,* 109 Ala. 7. The court erred in defining reasonable doubt.—*Pickens v. The State,* 115 Ala. 50; *Whittaker v. State,* 106 Ala. 30. It is insisted on the authorities cited above that there was error in the refusal of the charges requested by the defendant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The exceptions to the oral charge are not sufficiently pointed out.—*Tice v. The State,* 3 Ala. App. 164. The charges based on the averment in the indictment that a further description of the money was unknown to the grand jury, was properly refused as there was no evidence that the grand jury had a better description.—*Verberg v. The State,* 137 Ala. 73. Motion for new trial in a criminal case is not revisable.—*Ferguson v. The State,* 149 Ala. 21; *Sanders v. The State,* 131 Ala. 1. The averment in the indictment that the description of the money alleged to have been taken was not known to the grand jury, was not subject to demurrer.—*Grant v. State,* 55 Ala. 201; *Burney v. State,* 87 Ala. 80; *Reese v. State,* 90 Ala. 624; *Leonard v. State,* 115 Ala. 80, 83; *James v. State,* 115 Ala. 83, 86; *Brown v. State,* 120 Ala. 342, 350; *Verberg v. State,* 137 Ala. 73, 77.

PELHAM, J.—The indictment contains two counts. One, the first, is for burglary; the other for grand larceny. The verdict was a general verdict finding the defendant guilty as charged, and the sentence imposed was for a period of one year and seven months at hard labor. Burglary and grand larceny may properly be joined in different counts of the same indictment.— *Gordon's Case,* 71 Ala. 315; *Rose's Case,* 117 Ala. 77, 23

South. 638; *Broughton's Case*, 105 Ala. 105, 16 South. 912. And when the verdict is general and the punishment imposed applicable to either offense, the verdict may be referred to either of them.—*Lucas's Case*, 144 Ala. 63, 39 South. 821, 3 L. R. A. (N. S.) 412.

The record showing the conditions as above stated, we may pass over all questions attacking the validity of the verdict of conviction based on the contention that there was a variance between the allegations and proof under the second count of the indictment, because that count avers the description of certain property to be otherwise unknown to the grand jury than described, when there was certain proof before the grand jury of a better and more complete description of this property. This question is raised only in such a way as to attack the verdict of conviction as referred to the whole indictment, and not alone to the second count, and, as the first count is for burglary and clearly a good count not open to this attack, the verdict may properly be referred to the first count.—*Smith's Case*, 142 Ala. 14, 39 South. 329; *Dorsey's Case*, 134 Ala. 553, 33 South. 350.

The demurrers to the second count of the indictment for failing to more particularly describe the money alleged to have been stolen, and for averring a better description to be unknown, are not well taken and were properly overruled.—*Leonard v. State*, 115 Ala. 80, 22 South. 564; *Verberg v. State*, 137 Ala. 73, 34 South. 848, 97 Am. St. Rep. 17.

The question propounded to the states' witness Lon Miller, to which an exception is shown to have been reserved, elicited no prejudicial testimony as to "similarity" of the clothing worn by the defendant two days after the crime was committed (when witness saw him) to the clothes stolen. The defendant without objection permitted the state's witness John Miller to testify that

the clothes the defendant was wearing a short time af-ter the crime was committed "looked like" the clothes stolen—"looked like the same suit." We find no preju-dicial ruling by the court on the evidence to which an exception was reserved.

The oral charge of the court must be construed as a whole.—*W. U. Telegraph Co. v. Snell,* 3 Ala. App. 263, 56 South. 854; *Jackson v. State,* 2 Ala. App. 55, 56 South. 96. When so construed, it states the law cor-rectly as applicable to the evidence. Nor are the parts of the oral charge which seem to be objected to suffi-ciently pointed out and designated to authorize a re-view of the question sought to be presented. The brack-eted statement set out in the body of the oral charge, that "defendant's exceptions to the court's oral charge are underscored," is too indefinite and uncertain for that purpose. It appears also that the court subse-quently properly limited and explained that portion of the charge underscored with reference to the defend-ant's having been seen with property "similar" to the property stolen. The other part of the charge under-scored, when construed together with the charge as a whole, is not incorrect.

There was sufficient evidence connecting the defend-ant with the commission of the offense to authorize a submission of that question to the jury, and the court properly refused to give the defendant the general charge requested in his behalf.

Charge No. 5 is on the weight of the evidence, in-vades the province of the jury, and singles out and gives undue prominence to a particular part of the evidence.

From what we have said, it will be seen that the court was not in error in refusing the other charges requested in writing by the defendant.

[Fulgham v. Hunking.]

The ruling of the court on the motion for a new trial is not reviewable here.—*Ferguson v. State,* 149 Ala. 21, 43 South. 16; *Sanders v. State,* 2 Ala. App. 13, 56 South. 69.

We find no reversible error in the record.

Affirmed.