# Chappell *v.* The State.

### Murder.

(Decided September 7, 1916. Rehearing denied October 19, 1916. 73 South. 134.)

1. **Evidence; Res Gestae.**—Where the victim died about a month after the stabbing, evidence offered by defendant that two days after the stabbing, the victim stated that he had brought on the trouble, was not admissible, as it was merely hearsay and too far separated from the time and place of the difficulty to be a part of the res gestae.

2. **Homicide; Evidence; Improper Relations.**—In the absence of any showing of threats or other issue to which such testimony would be relevant, it was proper to exclude testimony of defendant as to what he had heard prior to the difficulty concerning improper relations between deceased and his wife, and as to conversations between deceased and defndant as to that matter.

3. **Appeal and Error; Harmless Error; Evidence.**—The exclusion of evidence as to the relations between deceased and defendant's wife, and the conversation of the parties relative thereto was not harmful to defendant, since such evidence could only legitimately serve to show motive on his part to attack or kill deceased.

4. **Witnesses; Credibility; Good Character.**—Unless a defendant's character is first assailed by the state, proof of defendant's good character cannot be considered by the jury in determining defendant's credibility.

[Chappell v. The State.]

5. **Appeal and Error; Transcript; Oral Charge.**—Under Acts 1915, p. 815, an oral charge should be set out entire in the transcript, so that the appellate court may have the proper data before it in reviewing the questions presented on the charge given ex mero motu, and the instructions refused as requested.

6. **Charge of Court; Directing Verdict.**—Where there was sufficient evidence connecting defendant with the offense to authorize submission of that question to the jury, the court properly refused to direct a verdict for defendant.

7. **Same; Argumentative.**—A charge that the jury may look to certain facts in the determination of designated issues, may be properly refused as argumentative, and as giving undue prominence to particular facts.

8. **Same; Submitting Law Question to Jury.**—A charge not defining self-defense, but basing an acquittal if the jury found defendant acted in self defense, refers a question of law to the jury, and was properly refused.

APPEAL from Conecuh Circuit Court:

Heard before Hon. S. L. BREWER.

Eugene Chappell was convicted of manslaughter, and he appeals. Affirmed.

Defendant was charged with having killed McCoy by cutting him with a knife, a stab wound in the lung from which he died about a month later. The doctor testified that the wound was fatal. Tom Patterson testified to seeing McCoy on Monday after he was cut on Saturday night, that he had a conversation with him, and he was asked by defendant the question set out in the opinion. The excerpt to the oral charge set out is as follows:

Proof of defendant's good character may not be considered by the jury in determining the credibility of his testimony unless his character is first assailed by the state.

Charge 5 is as follows:

I charge you that, if you believe that defendant acted in self-defense, then you cannot convict defendant.

H. P. MERRITT and C. A. DEBARDELEBEN, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was indicted for murder in the second degree, convicted of manslaughter, in the second degree, and appeals from that judgment of conviction.

(1) The statements of the deceased which the defendant sought to elicit by questions to which the court sustained objec-

tions interposed by the solicitor are shown to have been made some time after the difficulty, constituted no part of the res gestæ, were merely hearsay, and inadmissible.—*Long v. State,* 2 Ala. App. 96, 57 South. 62; *Goodlett v. State,* 136 Ala. 39, 33 South. 892.

The question propounded by the defendant to the witness Patterson, "Did he [deceased] tell you he brought on the trouble and that was the cause of his being cut?" called for a statement of the deceased separated too far in point of time and place from the difficulty to be a part of the res gestæ. It was merely hearsay, and not admissible against the state's objection.—*Long v. State, supra.*

(2, 3) The exceptions reserved by the defendant to the questions propounded to the defendant when being examined as a witness in his own behalf relate to what he had heard some time previous to the difficulty concerning improper relations between the deceased and his wife, and the conversation between the defendant and deceased on the subject had no tendency to prove or disprove any issue before the jury. No threat or anything else was sought to be elicited that would make this evidence competent. At most, the evidence could only legitimately serve to show a motive on the part of the defendant to attack or kill the deceased, and its exclusion could not be said, in this sense, to be prejudicial to the defendant. The evident idea of seeking to introduce it was to excite the sympathy of the jury, and for this purpose it was not admissible.

(4, 5) The excerpt of the oral charge set out in the transcript to which an exception was reserved correctly states the law applicable to that phase of the case.—*Hays v. State,* 110 Ala. 60, 20 South. 322. No effort was made by the state to impeach the general good character of the defendant, and proof of his good character as affecting his credibility was not competent evidence. —*Funderberg v. State,* 100 Ala. 36, 14 South. 877. The only proof of character was that the defendant's character for peace and quiet was good, and the court's oral charge to which an exception was noted was but tantamount to charging that there was no evidence affecting his character for truth and veracity. The oral charge in its entirety should have been set out in the transcript that the court, in reviewing the questions presented on the court's charge given ex mero motu, and the refused instructions requested by the defendant, might have the proper

data before it.—Act approved September 25, 1915 (Acts 1915, p. 815).

(6, 7) Charge 1 and 4 (considering the charges numbered in the order in which they are set out in the record) are the general charges in favor of the defendant, and were properly refused.—*Hargrove v. State,* 147 Ala. 97, 41 South. 972, 119 Am. St. Rep. 60, 10 Ann. Cas. 1126; *Arden v. State,* 6 Ala. App. 64, 60 South. 538. Instructions that the jury may look to certain facts in the determination of designated questions before it are argumentative and give undue prominence to the facts to which attention is especially directed, and are properly refused.—*Stone v. State,* 105 Ala. 60, 17 South. 114. Charges 2, 3, and 6 are open to this objection.

(8) Charge No. 5 was properly refused as referring a question of law to the jury.—*Garth v. State,* 8 Ala. App. 23, 62 South. 383; *Powell v. State,* 5 Ala. App. 75, 59 South. 539; *Laws v. State,* 144 Ala. 118, 42 South. 40.

We find no error in the record.

Affirmed.