LEIGH M. CLARK, Retired Circuit Judge.
Appellant was convicted of an assault upon Patsy Townsend with the intent to murder her and was sentenced to imprisonment for twenty years.
It appears, mainly from a portion of the record as to a hearing out of the presence of the jury, that he had been convicted of the crime of robbery of the same victim, which occurred inside Twenty-sixth Avenue Grocery a few minutes before the alleged assault in the instant case. From time to time during the trial in the case now before us, problems arose as to the line of separation between the two crimes, but no contention is made on this appeal that defendant has been subjected to double jeopardy.
A short while after the victim, who was cashier at Twenty-sixth Avenue Grocery on May 19, 1978, had commenced her testimony and while she was testifying as to the presence and activity of defendant who had entered the store and immediately after she had testified, “He told me to give him the money out of the cash drawer,” the following occurred:
“MR. CORNWELL: Your Honor, we object at this point, may we approach the bench?
“THE COURT: Yes, sir. Maybe you had better go back to the jury room, ladies and gentlemen of the jury.
“(The jury then retired to the jury room out of the presence and hearing of the court.)”
Thereupon questioning of the victim continued, and it was made known to the court that defendant objected to the State’s going into the circumstances of the robbery. During the further testimony of the victim out of the presence of the jury, wherein she testified as to the robbery of her by the defendant, and said that he then told her to go to the back of the store, which she did, and that he then followed her and slashed her throat, the following occurred:
“THE COURT: Excuse me, did this assault take place after the money had been given to her?
“MR. MADDOX: Yes, sir.
“THE WITNESS: Yes, sir.
“THE COURT: Well, you may state your basis — I don’t know how you could avoid going into the robbery.
“MR. CORNWELL: We would object to the testimony regarding the money and giving the money to the person. It is not necessary to establish any of the elements of the offense that has been an offense for which Mr. Gilbert has already been prosecuted and convicted, and it is highly prejudicial in this case and it is not necessary for the proving of the elements of assault with intent to murder, which occurred after the robbery.
“MR. MADDOX: On the contrary, Judge, I feel first of all that the warehouse grocery cases have disposed of this in saying that the totality of the circumstances may be going, gone into to show the magnitude of the crime and further we would argue that the fact he committed the robbery there would go to his intent in trying to kill her in the back and that he was trying to kill a witness to the robbery, and that would show he intended to do that, that he intended to kill her since she could be a witness against him *1237 and we think that goes to the element and intent in the case.
“THE COURT: I think it is admissible. Of course, I will explain to the jury that the only issue before them is whether he is guilty of assault with intent to murder and that he has nothing to do with the robbery.
“MR. CORNWELL: We except to Your Honor’s ruling.
“THE COURT: Yes, sir. I believe there are cases that uphold the ruling; if not, I will reconsider it later. Anything else while the jury is out? If not, Mr. Sanders, you may bring the jury back.”
After the jury returned to the box, the victim was questioned by the State briefly as to what had occurred in the store, including the fact that defendant had robbed her of twenty-eight dollars, and had ordered her to go to the back of the store. She then testified that he followed her to the back of the store and “slit her throat” with a pocket knife. She further testified that he then “told me to pull my pants back down and lay down on the floor,” which she did; that he started stabbing her in the stomach and leg with the knife; that he stabbed her five or six times. She said she lay there crying until defendant had left the store, when help arrived and she was taken to the hospital. She was cross-examined extensively as to what occurred at the time she was robbed, as well as to what occurred in the back of the store when she was cut and stabbed.
There was medical evidence that the victim was seriously and dangerously injured by the stab wounds and the slashing of her throat with a knife.
The victim testified with apparent certainty as to the identity of defendant. She was corroborated materially by testimony of a witness that defendant bought a shirt from her within the neighborhood of Twenty-sixth Avenue Grocery within less than an hour from the time of the alleged crime in the instant case, which shirt she identified as one left and thereafter found in a sack, in which it had been delivered by the witness to defendant, which evidence was conjoined with testimony of an officer that the sack and shirt had been found in the store soon after the commission of the crime.
Defendant did not take the stand, nor did any witness in his behalf.
Appellant states as his first issue presented:
“Did the trial court err in denying appellant’s motion for a mistrial?”
In contending that it did, appellant directs his argument to some of the following portion of the record:
“MR. MADDOX: I want to talk to you about a couple of things the judge is going to charge you on. One of which disturbs me very much and that is the charge of assault and battery that Mr. Cornwell spoke to you about. The law defines assault and battery among other things as a mere touching and rudeness, a mere touching and rudeness to somebody is assault and battery, and it carries the punishment, a maximum punishment of six months in jail and up to $500.
“MR. CORNWELL: Your Honor, we object to counsel going into the punishment.
“THE COURT: Well, you can make a brief statement of the law. Don’t go into the details. Overruled.
“MR. CORNWELL: Except.”

[The omission just shown in the transcript indicates an omission of part of the argument of State’s counsel]
“MR. MADDOX: It carries a maximum, punishment of six months in jail, in the county jail, and a fine of up to $500. Now, is that what a cutthroat and several stab wounds is worth? Is that what bleeding all over that floor is worth? Is that what staggering out through the front and the last thing she remembers is getting on the stretcher, is that what that is worth? I submit to you it is not. I submit that is not adequate punishment for the crime. Use your common sense. “MR. CORNWELL: Your Honor, we object to that as appealing to the emotions of the jury and a certain amount of punishment is imposed.
*1238 “THE COURT: Overruled. I will tell them about the punishment.
“MR. CORNWELL: Except.”
“. . . . ” [Another indicated omission of a portion of the argument.]
“MR. MADDOX: He had just robbed her.
“MR. CORNWELL: We.object to counsel mentioning robbery.
“THE COURT: Well, I will exclude the word robbery.”
“. . . . ” [Another indicated omission from the argument].
“MR. MADDOX: In Alabama we have a law that says if in the course of a robbery someone is killed as a part of that robbery, he receives the death penalty.
“MR. CORNWELL: Your Honor, we object to going into that.
“THE COURT: I am going to exclude any reference to the offense of robbery, ladies and gentlemen of the jury. I don’t believe you' can consider that in your deliberations, but just the offense itself. You have a right, of course, to consider any motive he might have had, but let’s avoid any reference to robbery. I will sustain the objection.”
“. . . . ” [Another indicated omission of a portion of the argument.]
“MR. MADDOX: Under the law of Alabama if it can be shown that against her will money is taken from her by putting her in fear, for instance at gun point, and then she were killed in the course of that sequence of events, the person who committed that crime could be given death.
“MR. CORNWELL: Your Honor, we object to mentioning other crimes and the death penalty. We move for a mistrial.
“THE COURT: Overruled. Go ahead. Overrule the motion for a mistrial.
“MR. CORNWELL: Except.”
It is to be observed that apparently the court and attorneys for both parties fully realized that the alleged crime of an assault with intent to murder and the crime of robbery, for which defendant had been convicted, were separate and distinct crimes, and that testimony as to the robbery should not be admitted in evidence except as it shed light upon the issue of guilt or innocence of the assault.. It is further readily observable that the line of separation between the two cases, either in regard to the admissibility of the evidence or the propriety of argument, was not easily definable by either party or by the court. As to the first portion of the argument of counsel for the State, wherein he discussed the difference in the punishment for an assault with intent to murder, the argument could not have been prejudicial to defendant, for, as the trial court stated, it would inform the jury, which it did, as to the appropriate punishment for the lesser included crime as well as the crime expressly charged in the indictment. Thus we find no prejudice to defendant as to the first two quoted portions of the State’s argument.
As to the next two portions of the argument of counsel for the State, it appears that the court ruled in favor of defendant.
As to the last portion of the argument, we seriously question the propriety of any strained conclusion of counsel that defendant was attempting to kill Ms. Townsend by reason of any provision of the Death Penalty and Life Imprisonment Without Parole Law of Alabama. Code 1975, § 13-11-1, et seq. He could have well argued, as he had done on the question of the admissibility of evidence as to defendant’s preceding conduct, that defendant was attempting to kill her in order to destroy the only living direct evidence of the other crime he had just committed. If such was the import of the argument, it would not have been objectionable. As the context thereof is omitted, it cannot be determined whether or not it was so connected with preceding or succeeding argument as to make the part quoted more likely proper than it appears in its isolated form. In its isolated form, it seems that the argument was neither proper nor effective and that it was not harmful to defendant. The trial judge, who heard it all, should not be reversed for his ruling thereon. It certainly was not the type of ineradicable prejudicial argument that would justify the granting of a motion for a mistrial.
*1239 During the oral charge the court said: “. . . He is not charged here with robbery or any other offense. The fact there might have been a robbery involved, I’m not saying there was, should not be considered by you as evidence of his guilt of the crime of assault with intent to murder, except you have the right to consider all the evidence that has come to you. . . . ”
In response to the court’s call for “any exceptions,” the following occurred:
“MR. CORNWELL: Your Honor, in regard to your instructions to the jury to disregard any statement concerning the robbery or any other offense other than that charged, we except to that part of Your Honor’s charge in which Your Hon- or stated the fact that a robbery may have been involved, we except to that as being a comment on the evidence.
“MR. MADDOX: I don’t think so.
“THE COURT: I was trying to do that for your client’s benefit, to make it clear that we are not charging him with robbery, that if robbery did come in in all the evidence that did come in, that they should not consider that.
“MR. CORNWELL: I understand, Your Honor. We object to that portion.
“THE COURT: I wanted to clarify it, is there anything else?

As previously indicated herein, there was reference to the robbery in questions asked by counsel for both parties, notwithstanding the efforts on the part of all concerned to make it clear to the jury that a robbery case was not being tried. Under all the circumstances, it is our view that in that part of the court’s oral charge above quoted there was no error prejudicial to defendant. It appears, as the trial court indicated, that the statement was as much, if not more, to the benefit of defendant than the prosecution.
Other exceptions were taken by defendant to the court’s charge, which, on the whole, was fair to defendant as well as to the State and did not, in our opinion, contain any erroneous statements harmful to defendant. The exceptions purportedly taken did not recite or state the substance of portions of the court’s oral charge to which defendant may have intended to direct the exceptions. They were thus insufficient as a basis for a reversal.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the court below is hereby
AFFIRMED.
All the Judges concur.