BOWEN, Presiding Judge.
Sidney Maurice Stevenson was convicted for assault in the first degree and sentenced to twenty years’ imprisonment. On this appeal from that conviction, he argues that the trial court erred when it charged the jury that the only difference between first and second degree assault was the nature of the injury. Stevenson argues that the intent is also different.
The relevant portions of the oral charge of the trial court are:
“A person commits the crime of assault in the first degree if he causes serious physical injury to another person and he does so with intent to do so, and by means of a deadly weapon or dangerous instrument. That’s assault in the first degree. To sustain the charge of assault in the first degree the State by the evidence must prove beyond a reasonable doubt each of these following elements. Each of them must be proved beyond a reasonable doubt before you can find the defendant guilty of assault in the first degree. First, that the alleged victim in this case, Joe Lewis White, suffered a serious physical injury. Second, that the serious physical injury sustained by him was caused by the defendant, Sidney Maurice Stevenson, and third, in causing such injury the defendant acted with intent to cause a serious physical injury by means of a deadly weapon or dangerous instrument. That’s assault in the first degree.... A person commits the crime of assault in the second degree if with intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or dangerous instrument. The distinction there between assault in the first degree and assault in the second degree as I just read to you is that assault in the first degree requires serious physical injury, as I read the definition to you. Assault in the second degree requires physical injury. Physical injury is defined by the statute as being an impairment of physical condition or substantial pain. That’s the difference between assault one and assault two. Assault one requires serious physical injury, assault two requires physical injury, assault two requires physical injury. Both of them require — both of them require an intent to cause the particular injury. Both of them require the use of a deadly weapon or dangerous instrument. So the only difference between the two is the nature of the injury. The first degree requires a serious physical injury, the second degree requires a physical injury. All right? So to sustain a charge of assault in the second degree in this case the State by the evidence must prove beyond a reasonable doubt that Joe Lewis White suffered — that Joe Lewis White suffered a physical injury, and that the defendant caused — intentionally caused that physical injury, and he did so by means of a deadly weapon or dangerous instrument. All right? The only difference in assault one and assault two in this case is the degree or nature of the injury. Assault in the third degree, a person commits the crime of assault in the third degree if — I am not *1035 going to charge you on assault in the third degree. The only two that you will consider is assault in the first degree and assault in the second degree in this case, and the distinction between the two, and I hope that is clear, is the nature of the injury. Both of them require an intent to cause injury, both of them require the use of a deadly weapon or dangerous instrument, and both of them require the actual infliction of the injury, either serious physical injury in the first degree, or physical injury in the second degree. If you need me to re-read those definitions, I will be glad to at this time. All right.”
Defense counsel objected to the oral charge on the grounds that it was misleading and confusing because “assault one requires an intention to commit a serious physical injury, whereas assault two is the intention to commit a physical injury.” The trial court did not specifically and expressly rule on the objection but did not clarify its instruction.
“A person commits the crime of assault in the first degree if: (1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument.” Alabama Code 1975, § 13A-6-20(a)(l).
Assault in the second degree is defined in § 13A-6-21:
“(a) A person commits the crime of assault in the second degree if:
“(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person; or “(2) With intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument. ...”
Initially, the trial court erroneously defined second degree assault. Under his initial charge, both first and second degree assault were substantially identical. This error was caused when the trial court, in charging on second degree assault, combined subsections (a)(1) and (a)(2) of § 13A-6-21. However, there was no objection to this error at trial and none is raised on this appeal.
Although the charge is not a model of clarity, it sufficiently informed the jury that the defendant must intend to cause serious physical injury for assault in the first degree and must intend to cause physical injury for assault in the second degree.
“In reviewing the jury charge, we need only ascertain whether, when viewed as a whole, the charge fairly and correctly states the issues and law.” United States v. Bosby, 675 F.2d 1174, 1184, n. 17 (11th Cir.1982). “The rule is well established that where a portion of the oral charge is erroneous, the whole charge may be looked to and the entire charge must be construed together to see if there be reversible error.” Gosa v. State, 273 Ala. 346, 350, 139 So.2d 321, 324 (1961). “[E]ach statement made by a judge to the jury should be examined in light of the entire charge and ... isolated statements which appear prejudicial when taken out of context may be innocuous when viewed in light of the entire trial.” United States v. McCoy, 539 F.2d 1050, 1063 (5th Cir.1976), cert. denied, 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977). “The entire charge must be considered and if upon the whole no prejudice to defendant intervened no reversal should be entered.” Mosley v. State, 241 Ala. 132, 136, 1 So.2d 593, 595 (1941). “An instruction explanatory of another charge should be considered in connection therewith; and if, when considered together, they assert a correct proposition, the judgment will not be reversed, though the explanatory charge, as a separate and disconnected instruction, may not express all the elements of the proposition.” Johnson v. State, 81 Ala. 54, 1 So. 573, 573-74 (1886). “The entire oral charge of the court ... must be looked to and construed ... in connection with the evidence, and, if the charge considered as a whole correctly states the rules of law applicable to the evidence in the case, it will not be deemed reversible error if some of the portions considered as standing along are incorrect.” Jackson v. State, 2 Ala.App. 55, 58, 56 So. 96, 97 (1911). “[T]he general charge should be considered as a whole, and construed in *1036 connection with the uncontradicted evidence in the particular case, and if, so considered and construed, it asserts the law correctly, a disconnected sentence, though it may not express all the constituents of the offense, will not work a reversal.” Williams v. State, 83 Ala. 68, 3 So. 743, 744 (1888). See also Gilbert v. State, 373 So.2d 1235, 1239 (Ala.Cr.App.1979).
Reviewing the oral charge as a whole, we find no reversible error.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.